STATE of Minnesota, Petitioner,

v.

Kelly JONASON, Respondent,

and

STATE of Minnesota, Petitioner,

v.

Michael Duane OLSON, Respondent.

Nos. 49509, 49440.

Supreme Court of Minnesota.

March 11, 1980.

Warren Spannaus, Atty. Gen., St. Paul, for petitioner in both cases.

James Clifford, County Atty., Center City, for petitioner in No. 49509.

Thomas L. Fabel, Deputy Atty. Gen., Richard D. Hodsdon, Special Asst. Atty. Gen., St. Paul, Stephen Rathke, County Atty., Brainerd, for petitioner in No. 49440.

C. Paul Jones, Public Defender and Eva-lynn Welling, Asst. Public Defender, Minneapolis, for Jonason.

Thomas J. Ryan and Max J. Ruttger, III, Brainerd, for Olson.

KELLY, Justice.

Defendant Olson was sentenced to imprisonment of up to five years with the Commissioner of Corrections for aggravated assault. Defendant Jonason was sentenced to one year in the county jail for aggravated robbery. Execution of these sentences, however, was stayed and the defendants placed on probation on certain conditions. The State seeks writs of mandamus compelling the sentencing judge in each case to comply with the mandatory minimum sentencing law for certain crimes in which a firearm is used, as stated in Minn.Stat. § 609.11, subd. 1 (1978) and Minn.Stat. § 609.135, subd. 1 (1978). In addition, the State in the Jonason matter seeks a writ of mandamus to require the trial court to rescind its order compelling Chisago County to pay Jonason's costs at a private institution where Jonason had completed a treatment program as a condition

of probation. On certain conditions, stated subsequently, the writs of mandamus will issue.

Michael Duane Olson fired a shotgun or rifle at one Richard Price outside the Emily Bar in Emily, Minnesota, on October 25, 1977. Price was injured by flying debris caused by the shooting. Olson was later tried and found guilty by a jury of aggravated assault, his first offense of this type. As a result of his conviction, he was sentenced to the Department of Corrections for up to five years. Execution of this sentence was stayed, however, and Olson was placed on probation to the Department of Corrections on conditions that he pay a $1,000 fine, spend 9 months in county jail with possible Huber[1] privileges after 45 days, refrain from using drugs or alcohol over the period of probation, and sign a probation agreement.

The State thereafter moved for an order vacating the stay of execution of sentence, and for the resentencing of the defendant to a minimum of a year and a day in prison. This motion was denied by the district court.

Kelly Charles Jonason entered Chisago Lakes Hospital in Chisago, Minnesota, on May 2, 1978, held a nurse at gunpoint, and forced her to put certain drugs, which he intended to steal, into a bag. He was apprehended by an officer before he left the hospital. In connection with the incident, he pleaded guilty to the crime of aggravated robbery. The district court judge stayed imposition of sentence for the crime, and put Jonason on probation on the condition that he successfully complete a program at Bremer House, a private treatment center.

The State thereafter moved to vacate the stay of imposition, and to have Jonason sentenced to at least a year and a day in prison. The district court, in ruling on the motion, vacated its stay of imposition. The court, however, did not sentence Jonason to

a year and a day in prison, but to a year in the county jail. The execution of his sentence was stayed, and the defendant was put on probation under the same conditions as before. The court also ordered Chisago County to pay for Jonason's treatment at Bremer House.

The issues presented for review are:

1. Should a writ of mandamus issue requiring vacation of the order compelling Chisago County to pay for Jonason's treatment at Bremer House?

2. Should writs of mandamus issue requiring the sentencing judges in both cases to sentence the defendants, as first offenders, to at least a year and a day in prison for their offenses in which they used a firearm?

■ 1. In *State v. Osterloh*, 275 N.W.2d 578 (Minn.1978), this court ruled that a trial court had no sentencing power, in the absence of statutory authorization, to order a county to pay for a probationer's treatment in a private institution. Since there is no meaningful distinction between the facts in *Osterloh* and the facts in the instant case,[2] the writ of mandamus will issue compelling the trial court to rescind its order.

2. The State contends that, in light of Minn.Stat. § 609.11, subd. 1 (1978) and Minn.Stat. § 609.135, subd. 1 (1978), the trial courts in both cases did not have discretion to place the defendants on probation and were required to sentence the defendants to at least a year and a day with the Commissioner of Corrections. Section 609.-11, subd. 1, reads in relevant part:

> All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following the defendant's first conviction of an offense wherein the defendant or an accomplice had in possession a firearm or used a dangerous

---

1. *See* Minn.Stat. § 631.425 (1978).

2. The trial court order in the instant case was made in reliance on the trial court's order in

*Osterloh*, before this court's decision on review in that case.

weapon at the time of the offense shall be for a term of not less than one year plus one day, nor more than the maximum sentence provided by law for the offense for which convicted. * * * The offenses for which mandatory minimum sentences shall be served before eligibility for probation or parole as herein provided are: aggravated assault, burglary, kidnapping, manslaughter, murder in the second or third degree, robbery, criminal sexual conduct in the first, second or third degree, escape while under charge or conviction of a felony, or discharge of an explosive or incendiary device, or any attempt to commit any of these offenses.

This statute has been in substantially the same form since 1975, when a clause specifically allowing the alternative of probation for first offenders for crimes in which a firearm was used was deleted. Act of June 4, 1975, ch. 378, § 8, 1975 Minn.Laws 1278. Although the legislature in 1975 apparently intended by that amendment to end judicial discretion regarding minimum sentences for crimes in which a firearm is used,[3] it failed to amend Minn.Stat. § 609.135, subd. 1 (1974) (authorizing stay of execution or imposition of sentence in certain cases) to spell out clearly that imposition or execution of the mandatory year and a day minimum sentence for first offenses in which a firearm had been used could not be stayed.

Construing the law as it applied in 1975, this court ruled that a sentencing judge was still authorized to stay the execution or imposition of sentence in a firearms case because nothing in section 609.135 precluded it. *State v. Moose*, 266 N.W.2d 521 (Minn.1978). *See also State v. Zaitz*, 254 N.W.2d 381 (Minn.1977).

The Minnesota legislature, apparently reacting to trial judges placing defendants guilty of a crime in which a firearm was used on probation,[4] amended section 609.-135, subd. 1, in 1977 to read:

*Except* when a sentence of life imprisonment is required by law, or *when a*

*person is convicted of one of the crimes specified under 609.11, subdivision 1, and had in his possession a firearm or used another dangerous weapon*, any court * * * may stay imposition or execution of sentence and place the defendant on probation * * *. (Emphasis added).

Act of May 27, 1977, ch. 349, § 1, 1977 Minn.Laws 739. This court in *Moose* stated that the 1977 amendment "conclusively eliminate[s] the possibility of probation in cases coming under the minimum-sentence statute." 266 N.W.2d at 525–6.

We reaffirm our position in *Moose*. Minn.Stat. § 609.095 (1978) provides that "[n]o other or different sentence or punishment shall be imposed for the commission of a crime than is authorized by this chapter or other applicable law." Judicial sentencing must strictly adhere to statutory authorization. *See State ex rel. Ahern v. Young*, 273 Minn. 240, 141 N.W.2d 15 (1966); *State v. Meyer*, 228 Minn. 286, 37 N.W.2d 3 (1949). For instance, a judge has no inherent authority to suspend sentences and impose probation. *State v. Osterloh*, 275 N.W.2d 578 (Minn.1978). Even though sentencing statutes of this type must be strictly construed against the minimum term, *see State v. Simmons*, 258 N.W.2d 908 (Minn.1977), we hold that the legislature has clearly mandated a minimum sentence without stay of execution or imposition for crimes involving firearms in every case specified under section 609.11, subd. 1.

Section 609.11, subd. 1, provides that "*any commitment*" for a listed first offense in which a firearm was used requires a minimum year and a day sentence. Section 609.135, subd. 1, specifically withdraws authorization for a stay of the execution or imposition of that sentence. If "any commitment" for this type of crime must be for at least a year and a day, it follows the commitment must be to the Minnesota Corrections Department. *See* Minn.Stat. § 609.105, subd. 1 (1978).

---

**3.** *Hearings on HF 800 before the Minnesota House of Representatives Comm. on Criminal Justice* (Mar. 21, 1977).

**4.** *Id.*

Defendant Jonason, however, argues that a certain amount of judicial discretion is retained through Minn.Stat. § 609.13, subd. 1 (1978), which reads in relevant part:

Notwithstanding a conviction is for a felony: (1) [t]he conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02 * * *.

Jonason's reliance on this statute is misplaced. Section 609.13, subd. 1, does not give a sentencing judge authority in all cases to sentence a felon as if he were a misdemeanant, but only provides that if the judge otherwise has that authority, the conviction, for the purposes of the defendant's record, may be reduced. Since section 609.-11, subd. 1, requires the sentencing judge to sentence a first offender who has used a firearm in committing a listed crime, to at least a year and a day with the Minnesota Corrections Department, the sentence in such cases cannot be "within the limits provided by law for a misdemeanor or gross misdemeanor" and thus section 609.13, subd. 1, does not apply.

Jonason also argues that section 609.11 only applies to sentences when they are expressly made to the Commissioner of Corrections, emphasizing the first clause of that statute: "All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms * * *." In other words, the argument is that the year and a day sentence is only mandatory when the commitment is made to the commissioner, but nonmandatory when the commitment is made elsewhere. This argument, however, ignores the fact that section 609.11 goes on to state, "except that *any commitment* following the defendant's first conviction of an offense wherein the defendant or an accomplice had in possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than one year plus one day * * *." By this language, the legislature unambiguously precluded any commitment for less than a year and a day no matter to what facility the commitment

is made, such as Jonason's commitment of a year in jail.

 The sentencing judge, in *State v. Olson*, rested his decision to stay execution of sentence on the ground that the exception to section 609.135 relating to crimes in which a firearm is involved, had been impliedly repealed by a later amendment in Act of June 2, 1977, ch. 355, § 6, 1977 Minn.Laws 765, providing that one of the terms of probation may include "restitution where practicable." He reasoned that a judge cannot order a defendant to pay restitution unless he is put on probation, and therefore the legislature must have meant to, and did, impliedly repeal its earlier requirement that someone convicted of a crime in which a firearm was used cannot be put on probation. An implied repealer of a former enactment by a later enactment will only be inferred, however, when the two enactments are irreconcilable. *See* Minn.Stat. §§ 645.33, 645.39 (1978). Here the enactments clearly are reconcilable. A legitimate interpretation of section 609.135 is that the legislature intended restitution to be a permissive condition of probation only in those cases where probation was allowed by law. Since probation is expressly not allowed by law for crimes in which a firearm is used, a court will not be able to order restitution in those cases.

In the instant cases, each defendant either was convicted of, or pleaded guilty to, a crime in which he used a firearm and which was specifically listed in section 609.-11, subd. 1. The trial judges were thus not authorized by section 609.135 to place the defendants on probation, and required by section 609.11, subd. 1, to sentence them to at least a year and a day with the Department of Corrections.

 Even though the defendants' sentences should have been for a year and a day with the Department of Corrections at the time of sentencing, this court cannot ignore the fact that Jonason has already completed a nine-month program at Bremer House, and Olson may already have completed nine months in jail, as a condition of

probation. Under these circumstances, we believe that it would be fundamentally unfair to require that the defendants spend an *additional* year and a day in incarceration. *See People v. Tanner,* 24 Cal.3d 514, 596 P.2d 328, 156 Cal.Rptr. 450 (1979), *vacating on rehearing,* 23 Cal.3d 16, 587 P.2d 1112, 151 Cal.Rptr. 299 (1978). Thus we will issue the writs of mandamus in these cases, with instructions to the trial courts to sentence the defendants to at least a year and a day with the Commissioner of Corrections, and to inform the Commissioner of the length of time both defendants have spent either in Bremer House or in jail as conditions of probation. We further instruct the Commissioner that the time spent by the defendants in Bremer House or in jail as conditions of probation should be deemed by him as equivalent to time spent in prison and credited against the sentences.

Writs of mandamus will issue.