STATE of Minnesota, Respondent,

v.

Jean LAMBERT, Appellant.

No. C9–85–2381.

Court of Appeals of Minnesota.

June 3, 1986.

Review Granted July 31, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, David T. Magnuson, Stillwater City Atty., Ann L. Dieperink, Stillwater, for respondent.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Jean Lambert appeals from an order denying her motion for resentencing pursuant to Minn.R.Crim.P. 28. She argues her sentence is not authorized by law because she was sentenced according to minimum guidelines promulgated by a group of district court judges. We reverse and remand.

## FACTS

In May 1985 appellant Jean Lambert was charged with driving while intoxicated and with a blood alcohol concentration over .10 percent in violation of state law. *See* Minn. Stat. § 169.121, subd. 1(a), (d) (1984). Pursuant to a plea agreement, she withdrew her not guilty plea and pleaded guilty to an amended charge of careless driving.

The trial court sentenced Lambert according to the "Washington County Sentencing Guidelines for Certain Misdemeanor and Gross Misdemeanor Cases." Her sentence included a $700 fine and 30 days in jail with $300 of the fine and 30 days suspended for one year on the condition that she complete a DWI course, pay the tuition fee and remain law abiding. At sentencing, Lambert's attorney asked the court if her sentence was imposed according to Washington County sentencing guidelines for misdemeanor cases. The trial court responded in the affirmative.

In March 1984 four district judges in Washington County agreed to "uniform minimum sentence guidelines" for a number of misdemeanor and gross misdemeanor offenses, including drinking and driving misdemeanors and gross misdemeanors. The four judges agreed to use the guidelines "for the listed offenses unless unusual circumstances exist which would justify mitigating the sentence." By the terms of the memorandum containing the guidelines, the clerk of court was to submit copies of the guidelines to the president of the county bar association for distribution to its membership and maintain a supply in the clerk's office for those requesting copies. The guidelines were effective on April 1, 1984.

On October 4, 1985, Lambert moved for a correction or reduction in the sentence pursuant to Minn.R.Crim.P. 27.03, subd. 9 on grounds that the sentence was not authorized by law. The trial court denied her motion on December 18, 1985. This appeal from the December 18, 1985 order followed.

## ISSUE

Did the trial court abuse its discretion by mechanically imposing sentence pursuant to judicially promulgated sentencing guidelines for certain misdemeanor and gross misdemeanor cases?

## ANALYSIS

■ 1. Lambert appeals from an order denying her motion for re-sentencing, a non-appealable order. Rule 28.02, subd. 2(3) of the Minnesota Rules of Criminal Procedure provides for a sentencing appeal as a matter of right in a *felony* case. *See* Minn.R.Crim.P. 28.02, subd. 2(3). The rules do not provide a similar rule for sentencing appeals in misdemeanor cases. Provision is made, however, for discretionary appeals "in the interest of justice" from non-appealable orders when such appeals are brought within thirty days after the entry of the order appealed. *See id.* subd. 3. Here Lámbert appealed within thirty days after entry of the December 18, 1985 order denying her motion for re-sentencing. We grant discretionary review.

2. Lambert claims the trial court improperly imposed sentence because of its reliance on the judicially promulgated sentencing guidelines. She argues that adoption of minimum sentences for misdemeanors is beyond the scope of judicial authority and trespasses into the area reserved for the legislature by the state constitution. Because the legislature has considered the adoption of mandatory minimum jail sentences for persons convicted of driving while under the influence of alcohol and rejected such a proposal, Lambert asserts the judicial guidelines established in Washington County are statements of social policy that the legislature has previously rejected. Lambert adds that by following the guidelines in this case, the trial court did not exercise its discretion, thereby failing to individualize her sentence.

In considering Lambert's motion for re-sentencing, the trial court determined that sentencing Lambert pursuant to the guidelines was constitutional and did not usurp legislative power to define criminal conduct and prescribe punishment. The trial court further determined that the sentence imposed was authorized by law because it was within the maximum authorized by statute. *See* Minn.Stat. §§ 169.13, 609.125, 609.03 (1984). The trial court emphasized that the guidelines are non-binding and constitute merely a reference point, thus allowing the sentencing judge to consider unusual and mitigating factors. Finding

the guidelines to be advisory, the trial court concluded that their application did not abrogate the exercise of judicial discretion.

The trial court also found that it was not improper for Lambert to receive the same sentence for her careless driving conviction as she would have received had she been convicted of driving while under the influence as originally charged. The trial court explained that many courts in Minnesota treat a driving while under influence charge that is reduced or amended to another misdemeanor as a driving while under the influence conviction for purposes of sentencing.

The State argues that the trial court acted within the functions delegated to the judiciary by sentencing Lambert within the statutory maximum. According to the State, the guidelines do not constitute mandatory minimum sentences but rather provide a reference point. The State claims that when the legislature has not specified a minimum sentence, the judge retains the discretion to sentence within the statutory maximum.

■ It is well settled that the judiciary has no inherent power to determine what conduct constitutes criminal conduct and the appropriate punishment to be imposed for such conduct. *State v. Osterloh,* 275 N.W.2d 578, 580 (Minn.1978). The power to define criminal conduct and the punishment for criminal acts rests with the legislature. *Id.* "The role of the trial judge in prescribing sentence in a criminal case is that of the executor of the legislative power." *Id.* Thus, in the absence of statutory authorization, a trial court has no sentencing power. *State v. Jonason,* 292 N.W.2d 730, 732 (Minn.1980) (citing *Osterloh* ). When a trial court imposes a sentence authorized by law, however, the trial court has great discretion, and an appellate court cannot limit or amend the sentence. *See State v. Gamelgard,* 287 Minn. 74, 77–78, 177 N.W.2d 404, 407 (1970). *See also State v. Back,* 341 N.W.2d 273, 275 (Minn.1983) (trial court possesses broad discretion in sentencing).

Lambert's sentence is within the maximum permitted by law for a careless driving conviction. While the trial court may have imposed a sentence within the range of punishments authorized by law, we disapprove of the *manner* by which Lambert was sentenced because of the trial court's reliance on the judicially created sentencing guidelines for misdemeanors.

However desirable it may be for judges to establish local sentencing guidelines, authority to do so must come from the legislature. The statutes do, not contain guidelines or minimum sentences for misdemeanor offenses, and "[w]hen it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term * * * in a particular situation, the presumption must be that the legislature did not intend to do so." *State v. Simmons,* 258 N.W.2d 908, 910 (Minn.1977).

■ In defining criminal conduct and fixing punishment, the legislature may authorize trial courts to exercise discretion in the imposition of sentences by directing the courts to sentence within minimum and maximum ranges or restrict the exercise of judicial discretion by providing for mandatory sentences. *State v. Olson,* 325 N.W.2d 13, 18 (Minn.1982). In this case, the applicable statute sets forth maximum punishments. *See* Minn.Stat. § 609.03 (1984). We conclude, therefore, that the legislature authorized the courts to exercise discretion when section 609.03 applies. By applying the guidelines, the trial court effectively imposed a predetermined sentence and failed to exercise its discretion.

We find persuasive a number of cases in which appellate courts disapproved of the manner in which sentences were imposed. *See, e.g., Woosley v. United States,* 478 F.2d 139, 144 (8th Cir.1973) (when a trial court fails to exercise its discretion, there is no reason to defer to its judgment); *United States v. McCoy,* 429 F.2d 739, 743 (D.C.Cir.1970) (a rigid policy based solely on the crime with which the defendant is charged is not an exercise of discretion). Generally, "[c]onsideration of both the of-

fender and the offense in order to arrive at a just and appropriate sentence has been viewed as a progressive and humanizing development." *Woodson v. North Carolina*, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). Here the record is devoid of any evidence that the trial court considered departing from the judicially promulgated guidelines, and thus it is not clear that the trial court considered both Lambert and the crime for which she was convicted. "There is a strong public interest in the imposition of a sentence based upon an accurate evaluation of the particular offender and designed to aid in his personal rehabilitation." *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985) (citing *United States v. Lopez-Gonzales*, 688 F.2d 1275, 1276–77 (9th Cir. 1982)).

In *Woosley*, the Eighth Circuit reviewed a predetermined sentence imposed by a trial judge who followed a set policy in certain selective service cases. *Woosley*, 478 F.2d at 140–141, 143. The court noted that "[w]e do not deal here with a sentence imposed in the informed or sound discretion of a trial judge after consideration of all the circumstances surrounding the crime." *Id.* at 143. In disapproving of the trial court's methodology of sentencing, the court noted that a mechanical approach to sentencing ignores the Supreme Court's directive that sentencing be tailored to fit the offender, and rejected the view that a trial court's sentencing is immune from review because the sentences were within statutory limits. *Id.* at 144. *See also United States v. Miller*, 589 F.2d 1117, 1138 (1st Cir.1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1499, 59 L.Ed.2d 771 (1979) (when sentence is based upon mechanistic application of rules unrelated to a defendant's character, the general rule that sentencing decisions are within the exclusive discretion of the trial court is inapplicable); *United States v. Foss*, 501 F.2d 522, 527 (1st Cir. 1974) ("any kind of mechanical sentencing that steadfastly ignores individual differences is to be avoided"); *United States v. Schwarz*, 500 F.2d 1350, 1352 (2d Cir.1974) (court invalidated a sentence because the

trial court "employed a fixed and mechanical approach in imposing sentence rather than a careful appraisal of the variable components relevant to the sentence upon an individual basis").

■ Here the trial court mechanically applied fixed rules when it applied the judicially adopted minimum sentencing guidelines. There is no evidence that the trial court considered Lambert's individual circumstances.

District courts may exercise their discretion in individual cases largely untrammeled by appellate review. They are not free, however, to eschew the task they are called upon to perform *by adopting rules to fix given punishments on given classes of offenders.* Such a position by the sentencing judge would constitute an abuse of discretion calling for a vacation of the sentence imposed.

*Geraghty v. United States Parole Commission*, 579 F.2d 238, 260 (3d Cir.1978) (footnotes omitted; emphasis added), *vacated and remanded on other grounds*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). We conclude that the trial court abused its discretion by mechanically imposing a predetermined sentence based on guidelines promulgated by the judiciary.

### DECISION

The trial court abused its discretion by mechanically imposing sentence pursuant to its own guidelines. We reverse and remand for sentencing without regard to the trial court's sentencing guidelines.

Reversed and remanded.