**STATE of Minnesota, Respondent,**

v.

**Rodney Mark ROGERS, Appellant.**

**No. C1–86–1008.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William C. Strait, New Hope City Atty., Robbinsdale, for respondent.

Andrew S. Birrell, Meshbesher, Singer & Spence, Ltd., Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This is a pre-trial appeal pursuant to Minn.R.Crim.P. 28.02, subd. 2(2), challenging the trial court's order requiring bail or requiring defense counsel to agree to have an accused released on the personal recognizance of defense counsel. We reverse and vacate the trial court order.

## FACTS

Appellant Rodney Rogers was arrested for DWI on April 19, 1986. At his arraignment on April 30 before Judge James Johnston in Hennepin County Municipal Court, appellant appeared through counsel pursuant to a valid waiver of appearance. Counsel entered not guilty pleas and demanded a jury trial. Appellant was ordered to appear for a pre-trial conference on June 4 and appellant was ordered released N.B.R. (no bail required).

On June 4, appellant personally appeared with counsel at the pre-trial conference before Judge James Rogers. When the court asked the status of the matter, defense counsel said the parties desired a trial date. The following then ensued:

THE COURT: Do you wish to continue with RPR on this matter, Counsel?

MR. BIRRELL: I didn't know that there was an RPR, Your Honor. My understanding was he's NBR'd.

THE COURT: We'll either have bail setting or RPR, whichever you wish.

MR. BIRRELL: I would like to argue for NBR, Your Honor.

THE COURT: Whichever you wish. If you don't want to take the responsibility, or you don't feel comfortable with it, that doesn't bother me. I'm not going to insist upon it. Whichever you wish.

MR. BIRRELL: What I want to do is argue bail, Your Honor.

THE COURT: Fine.

MR. BIRRELL: I want to argue for an NBR. I think that's our right under the Rules of Criminal Procedure.

THE COURT: There is no right to an NBR. You can either have—

MR. BIRRELL: There is a presumption—

THE COURT: Counsel, you can either have an RPR or bail. I don't care.

MR. BIRRELL: For the record, Your Honor, I would like to make an offer of proof as to what I would advise the Court in seeking a release without bail. May I do that, Your Honor?

THE COURT: You may.

MR. BIRRELL: If permitted, Your Honor, I would prove the following: That defendant is 30 years old. That he is single. That he's a lifelong resident of the State of Minnesota. That the only thing that he has ever had by way of a record is a petit misdemeanor, failure to obey a semaphore in 1982. That he has made all of his court appearances. That he's not chemically dependent. That he has worked since he was 17 years old. That he has been constantly employed with Metalmatic in a full-time position as a welder. That he brought someone with him to drive here today. That he has made all of his court appearances. That he has faithfully contacted and kept in contact with his attorney. That he has been released NBR, that the police apparently released him on NBR. That there is absolutely no reason to require

an RPR in this case. That the Rules of Criminal Procedure provide a presumption of release without bail, and that I believe it's an abuse of discretion to require bail or an RPR in this case. That I am willing to take an RPR only because of the issue—only because of the manner in which the court has presented the issue.

THE COURT: If you wish an RPR, fine. If you don't feel comfortable with it—

MR. BIRRELL: I feel eminently comfortable, Your Honor. I think it's suppressing and unreasonable.

THE COURT: Okay. That's why we have RPR's, so the attorney takes responsibility. It's part of what you are getting a fee for.

MR. BIRRELL: Your Honor, I believe this Court is the only Court that requires bail or an RPR on every case.

Appellant brought this appeal challenging the court's order refusing or imposing conditions of release.

## ISSUE

Did the trial court abuse its discretion in requiring that appellant post bail or have defense counsel agree to have appellant released on the personal recognizance of defense counsel?

## ANALYSIS

Conditions of release are governed by Minn.R.Crim.P. 6.02. Minn.R.Crim.P. 6.02, subd. 1 states:

**Subd. 1. Conditions of Release.** Any person charged with an offense shall be released without bail pending his first court appearance when ordered by the prosecuting attorney, the judge of a district or county court, or by any person designated by the court to perform that function. *At his appearance before a judge, judicial officer, or court, a person so charged shall be ordered released pending trial or hearing on his personal recognizance* or on order to appear or upon the execution of an unsecured appearance bond in a specified amount, unless the court, judge or judicial officer determines, in the exercise of his discretion, that such a release will be inimical of public safety or will not reasonably assure the appearance of the person as required. When such a determination is made, the court, judge or judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or hearing, or when otherwise required, or, if no single condition gives that assurance, any combination of the following conditions:

(a) Place the person in the care and supervision of a designated person or organization agreeing to supervise him;

(b) Place restrictions on the travel, association or place of abode during his period of release;

(c) Require the execution of an appearance bond in an amount set by the court with sufficient solvent sureties, or the deposit of cash or other sufficient security in lieu thereof; or

(d) Impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.

(Emphasis added.)

These standards derive from the Bail Reform Act of 1966 and generally follow the ABA Standards for Pre-trial Release. *See* Minn.R.Crim.P. 6 comment.

The ABA Standards for Criminal Justice (1985) provide in section 10–5.1(a):

[I]t should be presumed that a defendant is entitled to release on his or her own recognizance on condition that no new offense be committed. The presumption may be overcome by a finding that there is substantial risk of non-appearance, or a need for additional conditions * * *.

In conjunction with these standards, our criminal procedure rules require the court to consider certain factors when the court is considering an order other than release

on personal recognizance or upon execution of an unsecured bond. Minn.R.Crim.P. 6.02, subd. 2 provides:

**Subd. 2. Determining Factors.** In determining which conditions of release will reasonably assure such appearance, the judge, judicial officer or court shall on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, his record of appearance at court proceedings or flight to avoid prosecution, and the safety of any other person or of the community.

In Hennepin County, Rule 3.02 of the Hennepin County Municipal Court Special Rules of Procedure allows for release on the personal recognizance of the defendant's attorney (R.P.R.). This rule provides:

**Rule 3.02. Client Appearance Guarantees**

No attorney practicing in this Court shall be accepted as surety on any written bond or appearance undertaking of any accused; provided, however, that upon request and proper representations to a judge of this Court relative to the future appearance of a client, an attorney may in the discretion of such judge obtain a release on personal recognizance (R.P.R.) of such attorney, who guarantees the appearance of the client at the scheduled times for appearance in this Court. Any failure of the client to appear as scheduled shall warrant the imposition of such sanctions as shall be from time to time approved by a majority of the judges of this Court, together with the revocation of all "R.P.R." privileges for one year.

Appellant argues the trial court abused its discretion in refusing to consider appellant's release on N.B.R. when the court was unaware of any new facts since the arraignment before Judge Johnston on April 30. Appellant argues the court, in

fact, expressed an unwillingness to consider any facts. We agree.

The Rules of Criminal Procedure clearly reflect that pre-trial release decisions must be done on a case-by-case basis. The rules *presume* that a defendant be released on his own personal recognizance. In this case, the record shows Judge Rogers did not even consider N.B.R. To not even consider the presumed policy reflects an abdication of discretion which this court cannot condone. It must also be kept in mind that we are dealing with pretrial detention, when an accused is presumed innocent.

The court is also troubled by the appearance of a general policy of Judge Rogers' in requiring bail or R.P.R. The R.P.R. in Hennepin County Rules 3.02 is not a condition of release which may be foisted on defense counsel; it must be requested by defense counsel. In addition, there are potential ethical and constitutional considerations in a general policy which in effect puts defense counsel in a position where counsel must accept R.P.R. or have a client go to jail if the client cannot afford to post the bail.

This court has recently stated that the trial court may not mechanically impose a sentence pursuant to judicially promulgated sentencing guidelines for certain misdemeanor and gross misdemeanor cases. *State v. Lambert,* 388 N.W.2d 34 (Minn.Ct. App.1986), *pet. for rev. granted* (Minn. July 31, 1986). We stated that in applying a predetermined sentence a court is failing to exercise its discretion. Similarly, a mechanical policy requiring bail or R.P.R. in certain cases does not reflect the careful appraisal of the variable individual components relevant to the decision on pre-trial release.

**DECISION**

The trial court's order requiring bail or R.P.R. is hereby vacated.

Order vacated.