STATE of Minnesota, Respondent,

v.

**Douglas ALESHIRE, Petitioner.**

No. C8–89–1442.

Court of Appeals of Minnesota.

Feb. 6, 1990.
Review Denied April 13, 1990.

Hubert H. Humphrey, III, Atty. Gen., Martin J. Costello, St. Paul, R. Donald Kelly, White Bear Lake, for respondent.

Timothy R. Geck, Diane E. Hull, White Bear Lake, for petitioner.

Considered and decided by KALITOWSKI, P.J., and HUSPENI and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

Douglas Aleshire was convicted of two gross misdemeanor counts of nonpayment for improvement and sentenced to one year in the Ramsey County workhouse for each count. Each sentence was stayed for two years, to run consecutively. On appeal, Aleshire contends consecutive stayed sentences for two gross misdemeanor convictions violates Minn.Stat. § 609.135, subd. 2(2) (1988). We affirm.

## FACTS

Aleshire contracted on behalf of his business, Aleshire Construction Company, to remodel homes in exchange for installment payments. Aleshire promised the homeowners he would procure all necessary lien waivers using their payments. All checks issued to Aleshire were endorsed and cashed by Aleshire's company. But no lien waivers were procured. As a direct result of Aleshire's failure to pay the subcontractors, at least 37 homeowners received notice that various mechanics liens were being enforced against their homes. Total amounts owed for labor and material exceeded $539,000.

The cities of White Bear Lake and Maplewood, Minnesota issued separate complaints against Aleshire, each charging him with one gross misdemeanor count of nonpayment for improvement. . Minn.Stat. § 514.02 (1988). The complaints were consolidated for trial and sentencing.

Aleshire pleaded guilty and was convicted of both counts. He was sentenced to one year in the Ramsey County workhouse for each count. On the first count, the trial court ordered Aleshire to serve 90 days and stayed the remaining nine months for two years. The entire one year sentence for the second count was stayed for two years to run consecutively with the stayed sentence for the first count. Aleshire was placed on probation and ordered to pay restitution in the amount of $90 per week or one-half of his weekly net income, whichever is greater, for the duration of the probationary period.

Aleshire was granted discretionary review and now appeals contending that consecutive stayed sentences for two gross misdemeanor convictions violates Minn. Stat. § 609.135, subd. 2(2) (1988), and is clearly erroneous.

## ISSUE

Do consecutive stayed sentences for two gross misdemeanor convictions violate Minn.Stat. § 609.135, subd. 2(2) (1988)?

## ANALYSIS

On appeal of a sentence, the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court. This review shall be in addition to all other powers of review presently existing.

Minn.R.Crim.P. 28.05, subd. 2.

Because Aleshire's convictions are for two gross misdemeanors, the sentencing guidelines are inapplicable. The trial court, acting in accordance with applicable statutes, has broad discretion to determine the appropriate sentence. *State v. Lambert*, 392 N.W.2d 242, 243 (Minn.1986).

The maximum penalty for violation of the nonpayment for improvement statute is a $3,000 fine, one year imprison-

ment, or both. Minn.Stat. § 514.02, subd. 1 (1988). Execution of sentence for a gross misdemeanor conviction cannot be stayed for more than two years. Minn.Stat. § 609.135, subd. 2(2) (1988).

This case does not involve one complaint with two counts; rather, it involves two separate complaints, from two municipalities, combined for judicial economy. The trial court stayed each of Aleshire's convictions for two years to provide a greater period of time to pay restitution. This is clearly within the statutory limits. There is no statutory prohibition against consecutive sentencing.

Aleshire's reliance on Minn.Stat. § 609.15 (1988) to dispute the duration of consecutive sentencing is inappropriate under these circumstances. This statute relates solely to multiple sentences of imprisonment and not to probationary sentences. The fact that the maximum period for a single gross misdemeanor differs from the maximum probationary sentence supports this distinction. *See* Minn.Stat. § 609.02, subd. 4 (1988) (imprisonment up to one year); *cf.* Minn.Stat. § 609.135, subd. 2(3) (stayed sentence up to two years).

## DECISION

Aleshire's sentences comply with statutory limitations and are not clearly erroneous.

Affirmed.