T.D., Petitioner,

v.

The Honorable Joanne M. SMITH, Judge of Ramsey County District Court, Respondent.

No. C8-94-838.

Court of Appeals of Minnesota.

Sept. 30, 1994.

Thomas H. Shiah, Minneapolis, for petitioner.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Clayton M. Robinson, Asst. County Atty., St. Paul, for respondent.

Considered at Special Term and decided by ANDERSON, P.J., and KALITOWSKI and AMUNDSON, JJ.

### SPECIAL TERM OPINION

ANDERSON, Judge.*

This petition for a writ of prohibition seeks to restrain the district court from keeping a juvenile witness in custody pending the trial in which the juvenile has been subpoenaed to testify. We deny the petition.

### FACTS

The prosecution subpoenaed petitioner T.D. to appear and to testify in a first-degree murder trial. T.D. was also subpoenaed to testify in another trial involving the same offense. After T.D. failed to appear in the

* Serving as judge of the Minnesota Court of Appeals by appointment of the Minnesota Supreme

Court pursuant to an order dated September 23, 1994, and filed September 23, 1994.

first trial, the district court found him in contempt and sentenced him to 30 days in the Juvenile Detention Center. The court also ordered him held on $50,000 bail after the sentence expired if he had not at that time appeared to testify in the second trial.

T.D. moved to vacate the finding of contempt and to reduce bail. In response to the motion, the prosecution argued that T.D., as a material witness, may be held in custody pending his testimony. *See* Minn.Stat. § 629.54 (1992). The district court vacated the contempt finding, but continued T.D.'s confinement under $50,000 bail. *See id.* T.D. appeals, contending that $50,000 bail is excessive and beyond the amount authorized by the statute. *See* Minn.Stat. § 629.55 (1992).

## ISSUE

Did the district court exceed its authority in maintaining bail at $50,000?

## ANALYSIS

■ Prohibition will lie where the district court is about to exercise judicial power in a manner unauthorized by law. *Minneapolis Star & Tribune Co. v. Schumacher,* 392 N.W.2d 197, 208 (Minn.1986). T.D. concedes that, because his testimony is material to a first-degree murder trial, the court has authority to set bail to assure his appearance. *See* Minn.Stat. § 629.54 (1992) (court may require security for material witness' appearance in first-degree murder case). T.D. argues, however, that $50,000 bail is excessive and beyond the statutory limitation for a witness who is a minor. *See* Minn.Stat. § 629.55 (1992).

This limitation is found in the following provision:

> If a witness is required to recognize, with or without sureties, and refuses to do so, the judge shall commit that witness until the witness complies with the order, or is otherwise discharged according to law. * * * When a minor is a material witness, any other person may recognize for the appearance of the minor as a witness, *or the judge may take recognizance of the minor as a witness in a sum of not more than $50.* The recognizance is valid

and binding in law notwithstanding the disability of the minor.

*Id.* (emphasis added).

■ The statute expressly applies the $50 limitation only to a recognizance taken from the minor and also provides that any other person may recognize, with or without surety, for the minor's appearance. *Id.* The court cannot require another person to recognize for the minor witness. But, if another person does recognize for the minor witness, the court may determine whether a surety will be required and in what amount. *See* Minn.Stat. § 629.54 (where there is good reason to believe a witness will not appear, the court may require such sureties as it considers necessary); *see generally State v. Pett,* 253 Minn. 429, 431, 92 N.W.2d 205, 206 (1958) (granting bail is a matter of discretion with the district court).

■ Both T.D.'s mother and his attorney appeared before the court and offered to vouch for his appearance. Under the statute, the court could have permitted them to recognize for T.D.'s appearance. Nonetheless, the court retained the power to require surety in an amount it considered necessary to assure T.D.'s appearance. Minn.Stat. § 629.54. The court did not specifically identify a person to recognize for T.D. We remanded to the court to modify its order to explicitly allow bail to be posted by a person other than T.D. We conclude that the court's order does not violate the $50 statutory limitation. The $50 limitation on the court's authority to require sureties would apply only if the judge took recognizance from the minor witness, T.D. Minn.Stat. § 629.55.

■ Nor does the order violate the state constitutional prohibition against imposing excessive bail. Minn. Const. art. I, § 5. The statutes authorizing the commitment of a witness do not specify what factors the court should consider in setting bail. *See* Minn. Stat. § 629.54 (court may order a recognizance "with sureties as the judge considers necessary"); *cf.* Minn.R.Crim.P. 6.02, subd. 2 (court must consider a criminal defendant's family ties, employment, and financial re-

sources in setting bail). Given the importance of T.D.'s testimony, his previous failure to appear, and the seriousness of the offense being prosecuted, $50,000 is not excessive bail.

Finally, we note that section 629.55 has not been construed or substantially amended since 1872. *See, e.g.,* 1985 Minn.Laws ch. 265, art. 10, § 1 (clarifying witness fees and removing archaic language); 1981 Minn. Laws ch. 31, § 20 (removing reference to married women and some archaic language); *State ex rel. Howard v. Grace,* 18 Minn. 398, 403–04, 18 Gil. 359, 363–64 (1872) (witness cannot be required to enter into a recognizance unless there is evidence he may fail to appear). The statutory language may still pose future difficulties unless it is harmonized with current terminology on bail. *See* Minn.R.Crim.P. 6.02, subd. 1 (setting out alternative conditions for release of criminal defendant); *State v. Rogers,* 392 N.W.2d 11, 14 (Minn.App.1986) (release on defendant's own recognizance treated as a release without bail).

### DECISION

The district court did not exceed its authority in imposing bail.

**Petition for writ of prohibition denied.**

