

C. Paul Jones, Public Defender, Rosalie E. Wahl, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Keith M. Brownell, County Atty., Michael W. McNabb, Asst. County. Atty., Duluth, for respondent.

STATE of Minnesota, Respondent,

v.

Ronald Edward ZAITZ, Appellant.

No. 46308.

Supreme Court of Minnesota.

May 13, 1977.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.St.1971, § 609.245, and was sentenced by the trial court to a term of 3 to 20 years at the state reformatory pursuant to Minn.St.1971, §§ 609.11 and 609.245. On this appeal from judgment of conviction defendant makes three alternative contentions: (1) That his conviction should be reversed outright on the ground that there was as a matter of law insufficient evidence connecting him to the crime, (2) that he should receive a new trial on the ground that certain damaging physical evidence that the trial court admitted was illegally obtained from his mother, or (3) that the case at least should be remanded for resentencing on the ground that the trial court in sentencing him erroneously believed that probation was not an authorized disposition-

al alternative to the 3-year minimum prison term given him pursuant to Minn.St. 1971, § 609.11.

There is no merit to defendant's contention that there was insufficient evidence to support the verdict, and the second issue is governed by prior decisions of this court dealing with third-party consent to searches and seizures. See, *State v. Schotl,* 289 Minn. 175, 182 N.W.2d 878 (1971), and *State v. Kinderman,* 271 Minn. 405, 136 N.W.2d 577 (1965).

However, it appears that the trial court erroneously believed that probation was not an authorized dispositional alternative when it sentenced defendant. Since the court might have placed defendant on probation if it had known that probation was an authorized alternative, we remand for resentencing.

Defendant committed the crime on July 21, 1974. The applicable minimum-sentence statute was therefore Minn.St.1971, § 609.-11,[1] the statute then in effect. *State v. Spencer,* Minn., 248 N.W.2d 915 (1976). This statute did not specifically exclude defendant from consideration for probation, and Minn.St. 609.135 authorizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required by law. We do not, by our decision, intimate any view as to what disposition is appropriate upon remand.

We remand for resentencing.

---

1. Minn.St.1971, § 609.11, read as follows: "All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment for a felony wherein the intent of the defendant is an ele-ment of proof and wherein the defendant had in his possession a firearm at the time of the offenses, and that any commitment for discharge of an explosive, explosive device or incendiary device, shall be for a term of not less than three years."