**STATE of Minnesota, Respondent,**

v.

**David CHILDERS, Appellant.**

No. 81–436.

Supreme Court of Minnesota.

Aug. 7, 1981.

C. Paul Jones, Public Defender and Mollie G. Raskind, Asst. State Public Def., Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., and Gary Hansen, Spec. Asst. Atty. Gen., St. Paul, John P. Dimich, Itasca County Atty., Grand Rapids, for respondent.

SHERAN, Chief Justice.

This is a sentencing appeal.

The offense of which defendant was convicted—possession of hashish with intent to sell—is a severity level II offense and defendant has a criminal history score of two, based on two drug convictions occurring in 1975. The presumptive sentence on the grid for one who commits a severity level II offense and has a criminal history score of two is 14 months stayed.

At the sentencing hearing the issue was whether a prison term was mandated by Minn.Stat. § 152.15, subd. 1(2) (1980), which states that a second offender such as defendant "shall be imprisoned for not less than one year nor more than ten years or fined not more than $30,000, or both." The trial court, stating that the issue was not without doubt, construed the statute as making mandatory a prison term of not less than one year and then proceeded to sentence defendant to 18 months in prison, following the approach of II.E. of the Guidelines. The trial court added that but for the statute he would have sentenced defendant to the maximum provided by law but stayed execution and placed defendant on probation, the first six months to be served in jail.

This appeal followed. Holding that the trial court was free to place defendant on probation, we vacate the sentence and remand for resentencing.

■ In interpreting minimum-sentence statutes, the presumption is that probation is an authorized dispositional alternative. *State v. Zaitz*, 254 N.W.2d 381 (Minn.1977), illustrates this principle. There the minimum-term statute, Minn.Stat. § 609.11 (1971) read as follows:

All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment for a felony wherein the intent of the defendant is an element of proof and wherein the defendant had in his possession a firearm at the time of the offenses, and that any commitment for discharge of an explosive, explosive device or incendiary device, shall be for a term of not less than three years.

Minn.Stat. § 609.135, subd. 1 (1971) then read as follows:

Except when a sentence of life imprisonment is required by law, any court, including a justice of the peace to the extent otherwise authorized by law, may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on such terms as the court may prescribe.

The trial judge sentenced Zaitz to a prison term of three to 20 years. In reversing and remanding for resentencing, this court stated:

[I]t appears that the trial court erroneously believed that probation was not an authorized dispositional alternative when it sentenced defendant. Since the court might have placed defendant on probation if it had known that probation was an authorized alternative, we remand for resentencing.

Defendant committed the crime on July 21, 1974. The applicable minimum-sentence statute was therefore Minn.St. 1971, § 609.11, the statute then in effect. * * * This statute did not specifically exclude defendant from consideration for probation, and Minn.St. § 609.135 autho-

rizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required by law.

254 N.W.2d at 382 (footnote omitted).

Minn.Stat. § 152.15, subd. 1(2) (1980), the applicable sentencing statute, provides that one who is convicted of a second violation of the type involved in this case "shall be imprisoned for not less than one year nor more than ten years or fined not more than $30,000, or both." Minn.Stat. § 609.135, subd. 1 (1980), which was amended in 1977 to specifically prohibit probation in certain cases for which section 609.11 provides minimum terms, reads:

Except when a sentence of life imprisonment is required by law, or when a person is convicted of one of the crimes specified under section 609.11, subd. 1, and had in his possession a firearm or used another dangerous weapon, any court, including a justice of the peace to the extent otherwise authorized by law, may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on such terms as the court may prescribe, including restitution when practicable.[1]

■ Following the rationale of the *Zaitz* case, we conclude that the trial court had discretion to place defendant on probation. The sentencing statute in question does not specifically exclude defendant from consideration for probation (any more than the sentencing statute in the *Zaitz* case did) and section 609.135 authorizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required or a minimum term is specified by section 609.11. We therefore remand for resentencing.

Remanded for resentencing.

---

1. This statute was again amended by the 1981 session of the legislature. Act of May 19, 1981, ch. 227, § 8, 1981 Minn.Sess.Law Serv. 959, 961 (West).