**STATE of Minnesota, Respondent,**

**v.**

**Claude David FEINSTEIN, Appellant.**

**No. C7–83–530.**

Supreme Court of Minnesota.

Sept. 16, 1983.

Robert G. Davis, Jr., Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal that raises the issue of whether Minn.Stat. § 609.346, subd. 1 (1982), mandates not only the imposition but also the execution of a 3-year minimum term in the case of a second or subsequent sex offender under sections 609.342 to 609.-345. The trial court concluded that it had no choice but to execute the sentence in such a case even though the court believed that the defendant was particularly unamenable to imprisonment and particularly amenable to treatment in a probationary setting. *See State v. Wright,* 310 N.W.2d 461 (Minn.1981). However, the court felt that there was enough doubt about the issue that it stayed execution of the sentence pending appeal on the understanding that during the pendency of the appeal defendant would be confined at St. Peter and would participate in the Intensive Therapy Program for Sexual Offenders. We hold that the statute in question mandates only the imposition, not the execution, of a 3-year minimum term and we therefore remand for resentencing.

In interpreting minimum sentence statutes, the presumption is that probation is an authorized dispositional alternative. *State v. Childers,* 309 N.W.2d 37 (Minn. 1981). One case illustrating this point is *State v. Zaitz,* 254 N.W.2d 381 (Minn.1977). In that case the statute in question, Minn. Stat. § 609.11 (1971), read as follows:

> All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment for a felony wherein the intent of the defendant is an element of proof and wherein the defendant had in his possession a firearm at the time of the offenses, and that any commitment for discharge of an explosive, explosive device or incendiary device, shall be for a term of not less than 3 years.

Minn.Stat. § 609.135, subd. 1 (1971), then read as follows:

> Except when a sentence of life imprisonment is required by law, any court, including a justice of the peace to the extent otherwise authorized by law, may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on such terms as the court may prescribe.

In holding that probation was an authorized dispositional alternative, we stated, "This statute did not specifically exclude defendant from consideration for probation, and Minn.Stat. § 609.135 authorizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required by law." 254 N.W.2d at 382.

In *State v. Moose,* 266 N.W.2d 521 (Minn. 1978), the issue was whether the 1976 version of section 609.11 barred the court from placing a defendant on probation. We held that it did not. Section 609.11 at that time set forth the mandatory minimum term and then said that persons sentenced to such a term "shall not be eligible for parole until [they] shall have served the full minimum sentence herein provided, notwithstanding the provisions of sections 242.19, 243.05, 609.12 and 609.135." We ruled that section 609.11 did not bar the trial court from considering probation pursuant to section 609.-135.

Subsequently, section 609.135 was amended to bar the trial court from considering probation in cases covered by section 609.11. In *State v. Jonason,* 292 N.W.2d 730 (Minn. 1980), we ruled that as a result of the amendment trial courts were no longer free to stay execution of minimum terms mandated by section 609.11.

In *State v. Childers,* 309 N.W.2d 37 (Minn.1981), the issue was whether execution of sentence was mandated by Minn. Stat. § 152.15, subd. 1(2) (1980), which states that a person who commits a second drug offense "shall be imprisoned for not less than 1 year nor more than 10 years or a fine not more than $30,000, or both." We noted that Minn.Stat. § 609.135, subd. 1 (1980), which was amended in 1977 to specifically prohibit probation in certain cases for which section 609.11 provides minimum terms, read:

> Except when a sentence of life imprisonment is required by law, or when a person is convicted of one of the crimes specified under section 609.11, subd. 1, and had in his possession a firearm or used another dangerous weapon, any court, including a justice of the peace to the extent otherwise authorized by law, may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on such terms as the court may prescribe, including restitution when practicable.

Following the approach of the *Zaitz* and *Moose* cases, we concluded that the trial court had discretion to place the defendant on probation. We said:

> The sentencing statute in question does not specifically exclude defendant from consideration for probation (anymore than the sentencing statute in the *Zaitz* case did) and section 609.135 authorizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required or a minimum . term is specified by section 609.11.

Finally, in *State v. Olson,* 325 N.W.2d 13 (Minn.1982), we held that the current version of section 609.11—which allowed for sentencing in certain cases without regard to the mandatory term law if the prosecutor moved for it—violated the separation-of-powers doctrine. We conceded that the power to prescribe punishment for violation of the criminal laws rests with the legislature. We also conceded that if the legislature mandates a minimum sentence without a stay of execution or imposition, the courts have no authority to stay execution or imposition. However, we distinguished the present version of section 609.11 and ruled that the legislature, having granted authority to the courts to sentence without regard to the mandatory minimum term provisions of section 609.11 in certain situations, could not condition that authority on a discretionary act of the prosecutor.

In the instant case the minimum terms statute, section 609.346, subd. 1, reads as follows:

> If a person is convicted of a second or subsequent offense under section 609.342 to 609.345 or section 609.364 to 609.3644 within 15 years of the prior conviction, the court shall commit the defendant to the commissioner of corrections for imprisonment for a term of not less than 3 years, nor more than the maximum sentence provided for by law for the offense for which convicted, notwithstanding the provisions of sections 242.19, 243.05, 609.-11, 609.12 and 609.135.

Section 609.135 provides:

> Except when a sentence of life imprisonment is required by law, or when a man-

datory minimum term of imprisonment is required by section 609.11, any court may stay imposition or execution of sentence and place the defendant on probation with or without supervision and on the terms the court prescribes, including restitution when practicable. The court may order the supervision to be under the probation officer of the court, or, if there is none and the conviction is for a felony, by the commissioner of corrections, or in any case by some suitable and consenting person.

■ Section 609.346, subd. 1, requires that the trial court "commit the defendant to the Commissioner of Corrections" for a minimum term of 3 years. When a trial court sentences a defendant to 3 years in prison and then stays execution of sentence, the court has fully complied with the requirement of this section. This interpretation is consistent with the rule that in interpreting minimum sentence statutes the presumption is that probation is an authorized dispositional alternative. It is also consistent with our decisions in *Zaitz, Moose* and *Childers.* In conclusion, then, we interpret section 609.346, subd. 1, as requiring only the imposition, not the execution, of the minimum term in question.

Remanded for resentencing.