STATE of Minnesota, Respondent,

v.

Terry STACEY, Appellant.

· No. C6–84–545.

Court of Appeals of Minnesota.

Dec. 24, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, W.M. Gustafson, Nicollet County Atty., St. Peter, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral arguments waived.

## OPINION

FORSBERG, Judge.

Appellant Terry Stacey appeals from a conviction for aggravated robbery and from his sentence. We affirm as modified.

## FACTS

Appellant was charged by complaint in Nicollet County District Court with aggravated robbery in violation of Minn.Stat. §§ 609.11 and 609.245 (1982). Following a jury trial, appellant was found guilty as charged. He was sentenced to the custody of the Commissioner of Corrections for a

term of 104 months. However, the trial judge stayed execution of the last 14 months for a period of five years with a probationary period to commence after appellant had served his required incarceration and supervised release on the executed 90-month portion of the sentence.

### ISSUES

1. Was the admission of testimony by the accomplice that appellant had a drug problem erroneous and prejudicial?

2. Is the evidence sufficient to sustain the guilty verdict?

3. Was the sentence of 104 months, with 90 months executed, 14 months stayed and probation imposed, proper?

### ANALYSIS

### 1. *Character Evidence*

■ During redirect examination of an accomplice, after the defense had attempted to establish that the accomplice was a drug addict, the prosecution obtained an opinion from the accomplice that the appellant had a drug problem. The defendant objected to the testimony on the grounds of relevancy and the objection was overruled by the court. We find that even if the court was erroneous in its ruling, the testimony was not prejudicial.

By the time of the ruling it was already apparent from the previous testimony of the accomplice that defendant had a drug problem. The accomplice had testified, without objection, that when appellant arrived at the accomplice's house that morning, he wanted to get high and he wanted to rob not just any store but specifically a drug store. The entire purpose of the robbery was not to obtain money or to obtain just any drugs, but specifically to obtain narcotics. After the robbery was completed, the accomplice testified appellant was upset that more drugs weren't available at the Medicine Shoppe. The accomplice also testified that when they met after the robbery, they were going to get high but didn't have any syringes, so they went to a different drug store to purchase them and the specific drug appellant and the accomplice finally injected was morphine.

### 2. *Sufficiency of the Evidence*

■ Appellant argues that the evidence was insufficient to sustain the verdict and that the testimony of accomplice was not sufficiently corroborated. Upon reviewing the evidence we see no merit in this claim.

### 3. *Sentence*

■ At sentencing, the Minnesota Sentencing Guidelines worksheet indicated that appellant had a criminal history score of seven based on seven prior felony sentences. One federal felony was properly disregarded by the sentencing court. *State v. Stacey,* 354 N.W.2d 547, 548 (Minn.Ct.App.1984). Appellant received a presumptive durational sentence of 104 months based on his criminal history score of six or more. A Steele County district court judge, by order dated July 3, 1984, vacated three of the prior sentences. Appellant's sentence in this matter is accordingly modified to reflect a criminal history score of three rather than six.

In imposing sentence, the trial court executed 90 months of appellant's presumptive 104-month sentence and stayed the remaining 14 months for five years and placed appellant on probation for five years on the condition appellant make restitution and refrain from drug use or possession. At sentencing, the trial court rejected a defense objection to the sentence and an implicit request, pursuant to *State v. Randolph,* 316 N.W.2d 508 (Minn.1982), for execution of the sentence.

■ The power to define what constitutes criminal conduct and to prescribe punishment is a function of the Legislature. The role of the trial judge in prescribing sentence is that of executor of the legislative power. *State v. Osterloh,* 275 N.W.2d 578, 580 (Minn.1978). In the exercise of this power, the Legislature has declared:

> No other or different sentence shall be imposed for the commission of a crime than is authorized by this chapter or other applicable law.

Minn.Stat. § 609.095 (1982).

The maximum sentence established by the Legislature for the crime of which ap-

pellant was convicted, aggravated robbery, is 20 years imprisonment, a $20,000 fine, or both. Minn.Stat. § 609.245 (1982).

Although a trial court has the authority to stay execution of sentence, there is nothing in the statutes which permits a trial court to stay only part of a felony sentence while executing the balance. *See* Minn.Stat. § 609.10 (1982) and § 609.135 (1982 and Supp.1983). Accordingly, the sentence is executed and probation and the conditions of probation are vacated.

## DECISION

The verdict of guilty is affirmed. The sentence imposed by the trial court is modified to reflect a criminal history score of three. As appellant had been sentenced for the maximum number of months allowable under the guidelines, 104 months, his sentence is modified to 53 months, executed, the maximum presumptive sentence permitted for a severity level seven crime with a criminal history score of three.

Affirmed as modified.