**STATE of Minnesota, Appellant,**

v.

**James David SHEPPARD, Respondent.**

**No. C2–98–1086.**

Court of Appeals of Minnesota.

Dec. 8, 1998.

Review Denied Jan. 27, 1999.

Hubert H. Humphrey III, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, J. Michael Richardson, Assistant County Attorney, Minneapolis, MN (for appellant).

William E. McGee, Chief Public Defender Fourth District, Peter W. Gorman, Assistant Public Defender, Minneapolis, MN (for respondent).

Considered and decided by TOUSSSAINT, C.J., and ANDERSON and HOLTAN,* JJ.

**O P I N I O N**

G. BARRY ANDERSON, Judge.

This is a sentencing appeal. The state contends the district court improperly stayed execution of a mandatory-minimum sentence for respondent's felon-in-possession of a firearm conviction. We reverse and remand for resentencing consistent with this opinion.

**FACTS**

On June 1, 1997, Minneapolis police officers responded to several loud music complaints at respondent James David Sheppard's apartment. On the fourth visit, respondent told officers that he had been drinking all day, had smoked marijuana, and had tried to overdose on Zantac, an ulcer medication. During the discussion with the respondent, the officers noticed a semi-automatic pistol next to respondent on the couch. The officers discovered that the weapon was loaded and had a round in the chamber. The officers called an ambulance for respondent, signed a health-and-welfare hold, and re-

spondent was taken to the Hennepin County Medical Center's crisis unit.

By checking respondent's criminal history, the officers learned that respondent had previously been convicted of the following felonies: (1) in 1973 of burglary and aggravated assault; (2) in 1984 of aggravated robbery and attempted aggravated robbery, which included the use of a handgun; and (3) in 1989 of second-degree assault, which included the stabbing of an acquaintance in the neck. Respondent was subsequently charged with felon in possession of a pistol in violation of Minn.Stat. § 624.713, subd. 1(b) (1996).

On March 25, 1998, at a *Rasmussen* hearing, respondent entered a guilty plea to the charge without any agreement as to sentencing. After entry of the plea, respondent asked the court to depart from the mandatory-minimum sentence for felon in possession, arguing that the court should, and had the authority to, sentence without regard to section 609.11, subd. 8(b), which denied the prosecutor and court discretion to depart from mandatory-minimum sentences. Respondent asserted that, under the separation-of-powers doctrine and the U.S. and Minnesota Constitutions, the courts retain control of sentencing when there are mitigating circumstances and can depart from mandatory-minimum sentences. Respondent advanced several arguments to support a departure, including his compliance with the terms of his conditional release pending trial and his employment. He also relied on the probation report and psychological assessment stating that he was amenable to probation.

The district court stayed the execution of a 25-month sentence for five years, placed respondent on five years' probation, and levied a $50 fine. The court based the stay on two factors: respondent was amenable to probation and was not committing a separate crime when found with the pistol. In addition, the non-violent nature of the criminal act in this case influenced the district court. The district court explained:

> I can't remember ever deviating on a gun case before
>
> * * * *

> I don't know why [respondent] had [a gun] but [respondent wasn't] using it in a crime
>
> * * * *
>
> [S]o I think clearly if there's an exception, this is probably it.

The court conditioned the probation on a number of factors, including respondent's continued abstention from illegal chemicals and alcohol, continued adherence to a prescribed anti-depressant medication schedule, and the satisfaction of a one-year workhouse sentence to be served by electronic home monitoring.

## ISSUE

Did the district court err when it granted respondent a stay of execution, which departed from the minimum sentence mandated by Minn.Stat. § 609.11, subd. 8(b)?

## ANALYSIS

■ Interpretation of a sentencing statute is a question of law fully reviewable by this court. *State v. Flemino*, 529 N.W.2d 501, 503 (Minn.App.1995), *review denied* (Minn. May 31, 1995). Moreover, "[t]he court at any time may correct a sentence not authorized by law." Minn. R.Crim. P. 27.03, subd. 9. *See, e.g., Bangert v. State*, 282 N.W.2d 540, 547 (Minn.1979).

The Minnesota Supreme Court has established that courts "have no inherent authority to impose terms or conditions of sentence for criminal acts and that the power to prescribe punishment for such acts rests with the legislature." *State v. Olson*, 325 N.W.2d 13, 17 (Minn.1982). In *Olson*, the supreme court examined legislation, now codified at Minn.Stat. § 609.11, subd. 8(a) (1996), that afforded criminal sentencing discretion to the prosecutor but not to the courts. The supreme court ruled that such authority violated the separation-of-powers doctrine and extended the prosecutor's discretionary authority to the courts. *Olson*, 325 N.W.2d at 19. This case involves the legislature's subsequent limitation of the authority to depart from minimum sentences, despite *Olson*'s 16-year history.

■ The final disposition in this case rests on the application of Minn.Stat. § 609.11,

subd. 8 in its current form. In 1994, 12 years after *Olson,* the legislature added subdivision 8(b) that amended the discretionary authority of both the prosecutor and sentencing court contained in 8(a) and recognized by the *Olson* court. The applicable provision now reads:

> The court may not, on its own motion or the prosecutor's motion, sentence a defendant without regard to the mandatory minimum sentences established by this section if the defendant previously has been convicted of an offense listed in subdivision 9 in which the defendant used or possessed a firearm or other dangerous weapon.

Minn.Stat. § 609.11, subd. 8(b) (1996).

Because respondent had previously been convicted of two subdivision 9 offenses in which he had also used dangerous weapons, the district court was required to sentence him to the mandatory-minimum sentence and was without authority to stay execution of the sentence. *See id.*

Respondent pleaded guilty to a violation of Minn.Stat. § 624.713, subd. 1(b), one of the subdivision 9 offenses requiring a mandatory-minimum sentence. Minn.Stat. § 609.11, subd. 9 (Supp.1997). A defendant convicted of violating section 624.713, subd. 1(b) "shall be committed to the commissioner of corrections for not less than 18 months." Minn. Stat. § 609.11, subd. 5(b) (1996). Although the court imposed a 25-month sentence on respondent, it stayed execution of the sentence.

We find two of respondent's arguments worth discussing: (1) that section 609.11, subd. 8(b), cannot invalidate the 16-year history and precedence of *Olson* and its progeny; and (2) that the courts have retained authority to depart based on *State v. Feinstein,* 338 N.W.2d 244 (Minn.1983).

Respondent misconstrues *Olson.* Under *Olson,* courts were granted authority to depart from mandatory-minimum sentences because the legislature could not provide sentencing discretion to only the executive branch. 325 N.W.2d at 19. The application of section 609.11, subdivision 8(a), the statute interpreted by *Olson,* remains unchanged as applied to offenders who have not previously been convicted of an offense involving a firearm. *See* Minn.Stat. § 609.11, subd. 8 (subpart (b) applies only to persons previously convicted of a subdivision 9 offense; subpart (a) retains discretion to sentence without regard to mandatory minimum). Nevertheless, the *Olson* court recognized that the legislature "may restrict the exercise of judicial discretion in sentencing, such as by providing for mandatory sentences." 325 N.W.2d at 18. *Olson* rejects respondent's basic premise.

Respondent further relies on the district court's factual finding that respondent was amenable to probation. The Minnesota Supreme Court has recognized that dispositional departures involve an examination of the individual defendant, focusing on factors such as age, prior record, remorse, cooperation, attitude in court, and support of friends and family. *State v. Wright,* 310 N.W.2d 461 (Minn.1981); *State v. Trog,* 323 N.W.2d 28, 31 (Minn.1982) (providing list of factors to supplement *Wright*'s dispositional departure system). The district court in this case based its finding on similar factors, such as respondent's post-arrest cooperation with both the probation agent and psychiatrist who prepared a psychological assessment, compliance with conditional release, completion of an alcohol-treatment program, and continued employment. In addition, respondent relies on precedent emphasizing the deference afforded district court departures. *See generally State v. Hennum,* 441 N.W.2d 793, 801 (Minn.1989) (stating that it is a "'rare'" case that merits reversal of the trial court's discretion to refuse to depart) (citation omitted); *State v. Dokken,* 487 N.W.2d 914, 918 (Minn.App.1992) (stating that "[t]rial court authority to impose stay of execution/imposition is the rule, and exceptions are rare"), *review denied* (Minn. Sept. 30, 1992).

However, respondent's arguments fail to confront the key issue, which is a question of law. Section 609.11, subd. 8(b), revokes the district court's authority to depart from the minimum sentence because respondent had previously been convicted of a crime involving a dangerous weapon. The stay of execution was impermissible.

Respondent's argument, stripped to its essentials, is that, because the legislature did not expressly prohibit stayed sentences, the court has discretion to arrive at such dispositions. This flies in the face of the clear legislative language. A similar analysis was rejected by the Minnesota Supreme Court, which recently ruled that the legislature is not required to include express non-waiver provisions to ensure compliance with mandatory language. In *State v. Humes*, 581 N.W.2d 317 (Minn.1998), the court rejected "the argument that the legislature must append language prohibiting waiver to every mandatory statute to ensure that the statute is given effect." *Id.* at 319. While noting that defendant's contrast of a conditional-release provision "with other statutes that expressly prohibit waiver," the court referenced Minn.Stat. § 609.11, subd. 8(b), and summarized subdivision 8(b) as "providing that [the] court may not sentence a defendant without regard to the statute's mandatory-minimum sentences if the defendant previously has been convicted of a listed offense while in possession of a dangerous weapon." *Id.* & n. 3.

Similarly unpersuasive is the contention that *Feinstein* authorizes a departure from mandatory sentencing under certain circumstances because probation is an authorized disposition. The *Feinstein* court explained that a statute requiring a trial court to "commit" a defendant to the commissioner of corrections for a minimum term is satisfied by the imposition, not the execution, of the minimum term. 338 N.W.2d at 247. Therefore, under the logic of *Feinstein*, the stay of execution of respondent's sentence, after the trial court imposed the mandatory-minimum term, would not result in a conflict with section 609.11, subdivisions 5 or 8(b).

We reject such an application to the present case for four reasons: (1) the supreme court has never applied *Feinstein* outside the context of subsequent sex offender offenses under Minn.Stat. § 609.346 (1996); (2) *Feinstein* lost its relevance in 1987 when the legislature amended the parameters of section 609.346, under which the courts are afforded discretion to depart from minimum sentences. *Id.*, subd. 2; (3) in response to

*Feinstein*, the sentencing guidelines commission established that the presumptive disposition for second and subsequent sex offenses is now imprisonment, Minn. Sent. Guidelines cmt. II.E.04; *see also State v. Stafford*, 368 N.W.2d 364, 367 (Minn.App.1985); and (4) we conclude that *Humes'* rejection .of the rule that waiver must be written into every statute applies to this case. The legislature should not be expected to enumerate a prohibition against stayed executions in every mandatory sentencing statute, particularly when the mandatory language and removal of discretion is clear.

We conclude that section 609.11, subd. 8(b), is a clear statement of the intention of the legislature. Our courts have held that due process of law requires "that criminal statutes be sufficiently clear and definite to warn a person of what conduct is punishable." *State v. Davidson*, 481 N.W.2d 51, 56 (Minn.1992) (citing *State v. Simmons*, 258 N.W.2d 908, 910 (Minn.1977) (stating that "in the area of minimum and extended sentences the legislature has an obligation to state its intentions as clearly as possible")). We conclude that the legislature has mandated that courts have no discretion to depart from minimum sentences under those circumstances described in section 609.11, subd. 8(b).

In reversing the district court's stay of execution of respondent's sentence, we understand that more is involved than a change from an invalid to a valid sentence. Respondent was sentenced to 25 months; Minn.Stat. § 609.11, subd. 5(b), requires only a minimum of 18 months. The record is not clear as to how the district court arrived at the 25-month sentence, but this court remands in order to allow the district court to express its intentions in light of the invalid sentence. *See Bangert*, 282 N.W.2d at 547 (remanding to allow district court to correct sentence to ensure district court's sentencing intentions).

## DECISION

The district court improperly stayed the execution of respondent's sentence. Minn. Stat. § 609.11, subd. 8(b), removes the authority of the courts to disregard·the mandatory-minimum sentence, both as to the impo-

sition and execution of a sentence. This case is remanded to the district court for resentencing consistent with this opinion.

Reversed and remanded.

