**STATE of Minnesota, Respondent,**

v.

**Amber Lynn BLUHM, Appellant.**

**No. C6–02–1775.**

Court of Appeals of Minnesota.

June 17, 2003.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN, and John Carlson, Pine County Attorney, Pine County Courthouse, Pine City, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge, SHUMAKER, Judge, and HUSPENI, Judge.

## OPINION

HUSPENI, Judge.*

Appellant challenges her sentence for fifth-degree controlled-substance crime, arguing that (1) the district court erred in concluding it was required to incarcerate appellant for six months; and (2) Minn. Stat. § 152.025, subd. 3(b) (2000), does not require a mandatory minimum incarceration period of six months. Because the district court erred in concluding that it was required to sentence appellant to a mandatory six-month incarceration, we reverse and remand.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. Art. VI § 10.

## FACTS

Appellant Amber Bluhm was charged with first-degree and fifth-degree controlled-substance violations and subsequently pleaded guilty to possessing methamphetamine, a fifth-degree controlled-substance offense. She also had a prior fifth-degree controlled-substance conviction for possession of methamphetamine.

Before her sentencing, appellant filed several letters in support of the progress she had made in rehabilitation after her prior conviction. The letters indicated that she entered and completed a primary and aftercare chemical dependency treatment program, completed a three-month stay at a halfway house, returned to school and obtained her high school diploma, and regularly attended AA and NA meetings. Appellant also recently became a new mother.

The district court stayed imposition of sentence and placed appellant on probation for up to three years. As a condition of probation, appellant was ordered to serve six months in the county jail pursuant to Minn.Stat. § 152.025, subd. 3(b) (2000). The district court believed it had no discretion to stay the six-month incarceration. The court noted it would have considered mitigating factors and other dispositional alternatives had it been allowed to do so, but added

> the legislature in its wisdom or lack thereof, indicates that the Court shall, and when the language indicates shall that becomes mandatory language on the Court. So I have to impose a minimum of six months or up to a year.

This appeal resulted.

## ISSUE

Did the district court err in interpreting Minn.Stat. § 152.025, subd. 3(b) (2000), to require a mandatory minimum six-month incarceration?

## ANALYSIS

■■■ Statutory construction is a legal determination reviewed by this court under a de novo standard. *In re Welfare of A.A.E.*, 590 N.W.2d 773, 776 (Minn.1999). When interpreting a statute, this court first looks to see whether the statute's language is clear or ambiguous. *Am. Fam. Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). "A statute is only ambiguous when the language therein is subject to more than one reasonable interpretation." *Id.* (quotation omitted). The object of all statutory interpretations is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (2002); *In re Welfare of C.R.M.*, 611 N.W.2d 802, 805 (Minn. 2000).

### I.

■■ In this case, we must determine whether a mandatory period of incarceration is required under Minn.Stat. § 152.025, subd. 3(b) (2000), which provides:

> If the conviction is a subsequent controlled substance conviction, a person convicted under subdivision 1 or 2 *shall be committed to the commissioner of corrections or to a local correctional authority for not less than six months* nor more than ten years and, in addition, may be sentenced to payment of a fine of not more than $20,000.

(Emphasis added.) The state argues that subdivision 3(b) "unambiguously" requires a minimum six-month incarceration when the offender has a prior controlled-substance conviction. Because the statute states "shall be committed," the state argues that the district court has no discretion, and that appellant, twice convicted for controlled-substance violations, was re-

quired to serve six months in jail. We disagree with the state's interpretation of the statute.

 We note initially that the power to define criminal conduct and to fix the punishment for such conduct is vested in the legislature. *State v. Osterloh,* 275 N.W.2d 578, 580 (Minn.1978); *State v. Stacey,* 359 N.W.2d 671, 672 (Minn.App.1984). The district court, however, has broad discretion to stay imposition or execution of sentences and to fashion conditions of probation within the statutory limits prescribed by the legislature. *State v. Schwartz,* 628 N.W.2d 134, 139 (Minn. 2001); *State v. Olson,* 325 N.W.2d 13, 18 (Minn.1982).

Minnesota law supports our conclusion that in this case the district court had discretion not only to stay imposition of appellant's sentence, as it did, but to fashion conditions of probation to include or to eliminate a period of actual incarceration. In *State v. Childers,* 309 N.W.2d 37, 38 (Minn.1981), the Minnesota Supreme Court examined whether Minn.Stat. § 152.15, subd. 1(2) (1980), a predecessor version of the controlled-substance statute, required a mandatory minimum prison sentence. The version of the statute addressed in *Childers* provided that previously convicted drug offenders "shall be imprisoned for not less than one year nor more than ten years." Minn.Stat. § 152.15, subd. 1(2) (1980). Given that language, the district court believed that it had no discretion to stay the execution of the sentence and place defendant on probation. *Childers,* 309 N.W.2d at 37. The supreme court disagreed, and analyzed Minn.Stat. § 152.15, subd. 1(2), by examining both the court's statutory authority and the statutory limitations in sentencing criminal defendants.[1] In concluding that the district court had discretion to determine appropriate sentencing conditions, the court reasoned:

> The sentencing statute in question does not specifically exclude defendant from consideration for probation * * * and section 609.135 authorizes the trial court to stay imposition or execution of sentence in all cases except when life imprisonment is required or a minimum term is specified by section 609.11. We therefore remand for resentencing.

*Childers,* 309 N.W.2d at 38.

The rationale of *Childers* was reaffirmed in *State v. Feinstein,* 338 N.W.2d 244 (Minn.1983). The Feinstein court examined whether Minn.Stat. § 609.346, subd. 1 (1982), required both the imposition and the execution of a three-year minimum prison sentence for repeat sex offenders. The sentencing statute then read:

> If a person is convicted of a second or subsequent offense * * * the court shall commit the defendant to the commissioner of corrections for imprisonment for a term not less than three years * * *.

Minn.Stat. § 609.346, subd. 1 (1982). Consistent with *Childers,* the Feinstein court reasoned that Minn.Stat. § 609.135, subd. 1 (1982), authorized probation in all cases, except when life imprisonment is required or a minimum term of imprisonment is listed by Minn.Stat. § 609.11, subds. 1, 9 (1982). Minn.Stat. § 609.11, subd. 9, did not list Minn.Stat. § 609.346, subd. 1, as an

---

1. The Childers court employed an analysis similar to that set forth in *State v. Zaitz,* 254 N.W.2d 381 (Minn.1977). The Zaitz court held that probation was an authorized dispositional alternative to a three-year minimum prison term under Minn.Stat. §§ 609.11 and .135 (1970). *Id.* at 382; *see also State v. Moose,* 266 N.W.2d 521, 525–26 (Minn.1978) (holding predecessor version of the minimum sentencing statute did not exclude the possibility of probation).

offense requiring a mandatory minimum term. The Feinstein court observed:

> Section 609.346, subd. 1, requires that the trial court "commit the defendant to the Commission of Corrections" for a minimum term of 3 years. When a trial court sentences a defendant to 3 years in prison and then stays execution of sentence, the trial court has fully complied with the requirement of this section. This interpretation is consistent with the rule in interpreting minimum sentencing statues the presumption is that probation is an authorized dispositional alternative.

*Feinstein,* 338 N.W.2d at 247.

Although the state urges that the rationale of *Childers* and *Feinstein* has been undermined by later statutory enactments,[2] we find the rationale of those cases still sound, and fully applicable here. The district court in this case had discretion in sentencing. Minn.Stat. § 152.025, subd. 3(b), did not compel incarceration for six months.[3]

■ Our recognition that a district court has discretion in sentencing and fashioning conditions of probation under section 152.125 is consistent with the state's acceptance of the stay of imposition of sentence ordered by the district court in this case. In accepting the stay of imposition, but urging that appellant must be incarcerated for six months, the state is, in effect, arguing that a period of incarceration must be a part of probation. But

conditions of probation are peculiarly within the province of the district court. Minn.Stat. § 609.135, subd. 1(2) (2000) (authorizing probation "on the terms the court prescribes"); *see also State v. Alladin,* 408 N.W.2d 642, 647–48 (Minn.App. 1987) (stating that "sentencing judge has broad discretion when setting the conditions of probation."). Section 152.025 does not purport to address what conditions must be ordered when a person is placed on probation. That statute addresses sentencing concerns, not judicial discretion in fashioning conditions of probation.

We note further that Minn.Stat. § 609.11, around which so much of the controversy here swirls, does not prevent the court from sentencing without regard to mandatory minimums unless there has been a previous conviction involving the use of a firearm.

In addition, we believe that the state mistakenly relies on *State v. Sheppard,* 587 N.W.2d 53 (Minn.App.1998), *review denied* (Minn. Jan. 27, 1999), and *State v. Humes,* 581 N.W.2d 317 (Minn.1998), arguing these cases overrule *Childers* and *Feinstein.* In *Sheppard,* we noted in dictum that

> [t]he legislature should not be expected to enumerate a prohibition against stayed executions in every mandatory sentencing statute, particularly when the language and removal of discretion is clear.

*Sheppard,* 587 N.W.2d at 56. In that case, however, this court was interpreting Minn. Stat. § 609.11, subd. 8(b), a section that

---

2. *See* discussion of Minn.Stat. § 152.026 (2000).

3. The language of Minn.Stat. § 152.025, subd. 3(b), could be reasonably construed, we believe, to permit the district court to sentence as a misdemeanor, a gross misdemeanor, or a felony. Such a construction is supported by the provision permitting commitment "to the commissioner of corrections or *to a local correctional authority."* Minn.Stat. § 152.025,

subd. 3(b) (emphasis added). Although we do not intend here to restrict the district court's discretion on remand, it appears that a felony sentence was intended, and the court was troubled only by its perceived lack of discretion in fashioning conditions of probation. Therefore, we do not address the permissible range of sentencing alternatives under Minn. Stat. § 152.025.

clearly removed judicial discretion from sentencing a felon in possession of a firearm. *Sheppard,* 587 N.W.2d at 56. Similarly, in *Humes,* the Minnesota Supreme Court addressed the narrow issue of whether the district court had jurisdiction to amend a defendant's sentence to include a statutorily mandated conditional release term. 581 N.W.2d at 319 (holding that because statute read "shall be placed on conditional release," conditional release term must be included in sentence). *Humes* did not address the broad question of whether the court retains discretion in sentencing or in fashioning conditions of probation.

■ The state, in continuing to argue that *Childers* and *Feinstein* no longer provide guidance on the issue of judicial discretion in sentencing, cites Minn.Stat. § 152.026 (2000). The state contends that this statute specifically excludes discretion by prohibiting stayed sentences under Minn.Stat. § 152.025, subd. 3(b).[4] We disagree. Minn.Stat. § 152.026 provides:

> A defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 is not eligible for probation, parole, discharge, or supervised release until that person has served the full term of imprisonment as provided by law, notwithstanding section[ ] * * * 609.135. "Term of imprisonment" has the meaning given in section 244.01, subdivision 8.

Nothing in this section, however, limits judicial discretion in initially fashioning a sentence or conditions of probation. "Term of imprisonment" refers to the period of time for which an inmate is committed to the custody of the commission of corrections. Minn.Stat. § 244.01, subd. 8 (2000).[5] Thus, we conclude section 152.026's mandate requires an inmate to serve two-thirds of his or her executed sentence before becoming eligible for parole.

When the legislature wishes to restrict judicial discretion, it selects language that leaves no doubt. *E.g.,* Minn.Stat. §§ 609.107 (excluding judicial discretion in sentencing certain murders if defendant was previously convicted of a heinous crime); .109 (specifically excluding judicial discretion for certain repeat sex offender cases); .11, subd. 5 (2002) (removing judicial discretion for certain offenses committed while in possession of a firearm). For example, in *State v. Moose,* 266 N.W.2d 521 (Minn.1978), the Minnesota Supreme Court examined whether an earlier version of Minn.Stat. § 609.11 barred the court from considering probation. The court held the 1976 version of Minn.Stat. § 609.11 did not prohibit the district court from considering probation under Minn. Stat. § 609.135. *Id.* at 525–26. In 1977, the legislature responded by amending Minn.Stat. § 609.135 to specifically bar probation in cases covered by Minn.Stat. § 609.11. 1977 Minn. Laws ch. 349, § 1; *State v. Jonason,* 292 N.W.2d 730, 733 (Minn.1980) (recognizing the amendment to Minn.Stat. § 609.135 conclusively eliminated judicial discretion in sentencing un-

---

4. We note once more that the state makes no objection to the exercise of judicial discretion in staying imposition of sentence and placing appellant on probation for up to three years. While the state argues Minn.Stat. § 152.026 prohibits stayed sentences under Minn.Stat. § 152.025, it simultaneously seeks affirmance of the stay of imposition, asserting the Minnesota Sentencing Guidelines "seem to contemplate the type of sentence given in this case."

5. Minn.Stat. § 244.01, subd. 8, provides:

"Term of imprisonment," * * * is the period of time for which an inmate is committed to the custody of the commissioner of corrections minus earned good time. "Term of imprisonment," as applied to inmates * * *, is the period of time equal to two-thirds of the inmate's executed sentence.

der Minn.Stat. § 609.11). In this case, some 22 years after *Childers*, the legislature has not amended Minn.Stat. § 609.135 to exclude judicial discretion in sentencing controlled-substance offenders.

Finally, in seeking affirmance on the record before us, and in effect asking this court to agree with the district court that there is no room for exercise of judicial discretion, the state directs us to provisions of the sentencing guidelines that assist the court in sentencing controlled-substance offenders. Minn. Sent. Guidelines cmt. II.E.02 provides:

When the mandatory minimum sentence is for less than one year and one day, the Commission interprets the minimum to mean any incarceration including time spent in local confinement as a condition of a stayed sentence. The presumptive disposition would not be commitment to the Commissioner unless the case falls below the dispositional line of the Sentencing Guidelines Grid. An example would be a conviction for simple possession of cocaine, a Fifth Degree Controlled Substance Crime. If the person has previously been convicted of a controlled substance crime, the mandatory minimum law would require at least six months incarceration which could be served in a local jail or workhouse.

We initially note the comments to the sentencing guidelines are advisory and not binding. *State v. Notch*, 446 N.W.2d 383, 386 (Minn.1989) (interpreting comment to the Minnesota Sentencing Guidelines as advisory and not controlling); *see also State v. Pero*, 590 N.W.2d 319, 326 (Minn.1999) (noting advisory comments to the Minnesota Rules of Court are not binding). Nonetheless, we recognize the tension between the advisory comment and our holding because the comment seems to require "at least six months incarceration." We do not, however, read the comment to prohibit any exercise of discretion in fashioning conditions of probation. Indeed, comment II.E.04 goes on to acknowledge judicial discretion in sentencing mandatory minimum sentences for subsequent sex offenders.

In *State v. Feinstein*, 338 N.W.2d 244 (Minn.1983), the Supreme Court held that judges had the authority to stay execution of mandatory three-year prison sentences for second or subsequent sex offenses * * *. A stay of execution for such a case constitutes a dispositional departure and written reasons which specify the substantial and compelling nature of the circumstances and which demonstrate why the disposition selected is more appropriate, reasonable, or equitable than the presumptive disposition are required.

Minn. Sent. Guidelines cmt. II.E.04. In any event, we do not interpret the guidelines to modify the discretion recognized in *Childers* and *Feinstein*.

In view of our determination that neither the statutes nor the sentencing guidelines restrict the discretion of the district court in sentencing or in fashioning conditions of probation, we reverse and remand to enable the court to exercise the discretion vested in it.

## DECISION

Minn.Stat. § 152.025, subd. 3(b) (2000), does not limit the exercise of judicial discretion in sentencing, and does not require six months of incarceration. Contrary to the district court's interpretation, mitigating factors can be considered in sentencing appellant and in fashioning conditions of probation. We, therefore, reverse the district court's ruling and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**