STATE of Minnesota, Appellant,

v.

Amber Lynn BLUHM, Respondent.

No. C6–02–1775.

Supreme Court of Minnesota.

March 25, 2004.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, John K. Carlson, Pine County Attorney, Pine City, for Appellant.

John M. Stuart, State Public Defender, Roy G. Spurbeck, Assistant State Public Defender, Minneapolis, for Respondent.

## O P I N I O N

PAGE, Justice.

In this appeal by the state, we are asked to decide whether a defendant convicted under Minn.Stat. § 152.025 (2002), who has a previous qualifying controlled substance conviction, must serve a mandatory minimum sentence. In this case, respondent Amber Lynn Bluhm pleaded guilty to fifth-degree controlled substance crime. At her sentencing hearing, the district court stayed imposition of sentence, placed her on three years' probation, and required her to serve six months in jail. On appeal, the court of appeals held that Minn.Stat. § 152.025, subd. 3(b) (2002), does not require a mandatory minimum period of incarceration. We reverse.

On December 9, 2000, Bluhm, age 18, was arrested for marijuana and methamphetamine possession and eventually charged with first-degree possession of methamphetamine with intent to sell, in violation of Minn.Stat. § 152.021, subds. 1(1) and 3(b) (2002), and fifth-degree possession of marijuana with intent to sell, in violation of Minn.Stat. § 152.025, subds. 1(1) and 3(b) (2002). Bluhm had previously received a stay of adjudication for a fifth-degree controlled substance offense. In April 2002, Bluhm pleaded guilty to an amended charge of controlled substance crime in the fifth degree, possession of methamphetamine, in violation of Minn. Stat. § 152.025, subds. 2(1) and 3(b) (2002). In exchange for the plea, the state agreed to dismiss the other charges and recommend a six-month cap on jail time.

Between the time of the offense and the guilty plea, Bluhm successfully entered and completed a chemical dependency program and was regularly attending narcotics anonymous meetings. In May 2002, Bluhm returned to high school and completed her high school education before sentencing. The presentence investigation report recommended that Bluhm receive a stayed imposition of sentence and be placed on probation with one of the conditions being that she serve six months on electronic home monitoring. In a supplemental report, it was suggested that the court had no alternative but to sentence Bluhm to serve six months in jail because she had a previous fifth-degree controlled substance crime conviction and, therefore, a mandatory minimum sentence of six months had to be served. *See* Minn.Stat. § 152.025, subd. 3(b).

At her sentencing hearing on September 9, 2002, the district court stayed imposition of sentence and placed Bluhm on probation for three years. As part of her probation, the district court ordered Bluhm to serve six months in the county jail. The court stated that "six months [was] probably an appropriate sentence," but that it would have considered the mitigating factors Bluhm presented if Minn.Stat. § 152.025, subd. 3(b), afforded the court the discretion to do so. The district court stayed Bluhm's sentence pending appeal. On appeal, the court of appeals reversed and remanded for resentencing, holding that section 152.025, subdivision 3(b), did not mandate that Bluhm actually serve a minimum of six months in jail. *State v. Bluhm,* 663 N.W.2d 24, 30 (Minn.App. 2003).

 Whether Minn.Stat. § 152.025, subd. 3(b), requires a mandatory minimum term of incarceration is a question of statutory construction which this court reviews de novo. *See State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996) (per curiam). The object of statutory construction is to ascertain the legislature's intent. Minn. Stat. § 645.16 (2002). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." *Id.* In other words, when the legislature's intent is clear from plain and unambiguous statutory language, this court "does not engage in any further construction and instead looks to the plain meaning of the statutory language." *State v. Wukawitz,* 662 N.W.2d 517, 525 (Minn. 2003).

 "The power to fix the limits of punishment for criminal acts lies with the legislature. However, the imposition of a sentence in a particular case within those limits is a judicial function." *State v. Misquadace,* 644 N.W.2d 65, 68 (Minn.2002) (internal citations omitted). "The legislature may authorize the court to exercise broad discretion in the imposition of sentences by providing for the fixing of sentences within prescribed minimum and maximum years. Or the legislature may restrict the exercise of judicial discretion in sentencing, such as by providing for mandatory sentences." *State v. Olson,* 325 N.W.2d 13, 18 (Minn.1982). "'When it cannot be said with certainty that the legislature intended to authorize the imposition of a minimum term or an extended term in a particular situation, the presumption must be that the legislature did not intend to do so.'" *State v. Ronquist,* 600 N.W.2d 444, 446 (Minn.1999) (quoting *State v. Simmons,* 258 N.W.2d 908, 910 (Minn.1977)).

Resolution of the question presented requires us to examine three statutes. The first is section 152.025, subdivision 3(b), which reads:

If the conviction is a subsequent controlled substance conviction, a person convicted under subdivision 1 or 2 shall be committed to the commissioner of corrections or to a local correctional authority for not less than six months nor more than ten years and, in addition, may be sentenced to payment of a fine of not more than $20,000.

We must also construe Minn.Stat. § 152.026 (2002), which reads:

A defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 is not eligible for probation, parole, discharge, or supervised release until that person has served the full term of imprisonment as provided by law, notwithstanding sections 242.19, 243.05, 609.12, and 609.135. "Term of imprisonment" has the meaning given in section 244.01, subdivision 8.

And, finally, we must construe Minn.Stat. § 609.135, subd. 1 (2002), which reads: "Except when a sentence of life imprisonment is required by law, or when a mandatory minimum sentence is required by section 609.11, any court may stay imposition or execution of sentence and * * * may place the defendant on probation."

In the past, we have expressed disfavor with mandatory minimum sentences. *See, e.g., State v. Simmons,* 258 N.W.2d 908, 910 (Minn.1977); *State v. Childers,* 309 N.W.2d 37, 38 (Minn.1981) (holding that a judge is not precluded from imposing probation on a possession with intent to distribute drugs conviction because the sentencing statute did not explicitly exclude the consideration of probation); *State v. Feinstein,* 338 N.W.2d 244, 247 (Minn. 1983) (holding that a statute that requires the court to "commit the defendant to the commissioner of corrections" for a minimum of three years does not preclude a judge from staying execution of the three-year sentence). In other words, we have stated that the legislature must clearly state its intent to create a mandatory sentence and a sentencing court has the discretion to place a defendant on probation when a statute calls for a mandatory sentence if the statutory scheme does not specifically exclude probation. However, more recently, in interpreting a conditional release provision, we stated that "[t]he canons of statutory construction provide that 'shall' is mandatory" and that the legislature does not need to "append language prohibiting waiver to every mandatory statute to ensure that the statute is given effect." *State v. Humes,* 581 N.W.2d 317, 319 (Minn.1998); *see also State v. Sheppard,* 587 N.W.2d 53, 56–57 (Minn. App.1998) (holding that Minn.Stat. § 609.11, subd. 8(b) (2002), and *Humes* prohibit a sentencing court from imposing probation instead of a mandatory sentence), *rev. denied* (Minn. Jan. 27, 1999).

Bluhm presents three arguments in support of affirmance. First, Bluhm cites *Childers* and *Feinstein,* arguing that those cases give a sentencing court the discretion to place a defendant on probation despite language that seemingly mandates that a minimum period of confinement be served. Second, Bluhm argues that the phrase "term of imprisonment" as used in section 152.026 only applies to executed sentences of more than one year served at a state correctional facility and not to the six-month jail sentence mandated by section 152.025, subdivision 3(b), and therefore a sentencing court may impose probation in lieu of the mandatory jail time imposed in this case. Bluhm's final argument is that the legislature did not clearly draft section 152.025 to require a mandatory minimum jail sentence.

The state argues that a six-month jail term is mandatory and must be served. The state contends that the plain language of section 152.025, subdivision 3(b), section

152.026, and *Humes* mandate that Bluhm actually serve her six-month jail sentence. The state also asserts that the court of appeals erred in holding that a sentencing court may stay the mandatory sentence under section 609.135 because section 152.026 specifically states that section 609.135 does not apply. Finally, the state distinguishes *Childers* and *Feinstein*, arguing that in those cases there was no statute like section 152.026 that specifically prohibited a court from imposing a stayed sentence.

■ The language of sections 152.025 and 152.026 is clear and unambiguous. Section 152.025, subdivision 3(b), states that a person who has a previous controlled substance conviction and is convicted of a subsequent controlled substance crime "*shall* be committed to the commissioner of corrections or a local correctional authority for not less than six months." (Emphasis added.) Section 152.026 states that a "defendant convicted and sentenced to a mandatory sentence under sections 152.021 to 152.025 is *not eligible for probation \* \* \* until that person has served the full term of imprisonment.*" (Emphasis added.) Moreover, in contrast to subdivision 3(b) of section 152.025, section 152.025, subdivision 3(a), states that "[a] person convicted under subdivision 1 or 2 *may* be sentenced to imprisonment." (Emphasis added.) Given the legislature's use of "may" in subpart (a) of subdivision 3 and the fact that subpart (b) is the penalty for subsequent controlled substance crime convictions, we can only conclude that the legislature clearly intended the sanction in subpart (b) to be mandatory.

Thus, we read the plain language of sections 152.025, subdivision 3(b), and 152.026 as mandating that an individual subject to the penalty provision in section 152.025, subdivision 3(b), be committed to a local correctional authority for a mini-mum of six months and that the sentence actually be served. This interpretation is consistent with *Childers* and *Feinstein*, which state that the presumption is that probation is an authorized dispositional alternative unless the statute specifically excludes the consideration of probation. *Childers*, 309 N.W.2d at 38; *Feinstein*, 338 N.W.2d at 246. Here, section 152.025 clearly mandates the minimum sentence to be served and section 152.026 specifically excludes the consideration of probation until the minimum term has actually been served. Bluhm's argument that the sentencing court has the discretion to place a defendant being sentenced under section 152.025, subdivision 3(b), for a subsequent controlled substance crime on probation instead of committing her to the minimum term called for in that section fails.

Minnesota Statutes § 152.025, subdivision 3(b)'s, plain language notwithstanding, Bluhm argues that section 152.026 does not mandate that the minimum sentence actually be served when commitment is to a local correctional authority. Bluhm reasons as follows. Section 152.026 states that a defendant is not eligible for probation until serving the full "term of imprisonment." "Term of imprisonment" is defined for crimes "committed on or after August 1, 1993, [as] the period of time equal to two-thirds of the inmate's executed sentence." Minn.Stat. § 244.01, subd. 8 (2002). " 'Executed sentence' means the total period of time for which an inmate is committed to the custody of the commissioner of corrections." Minn.Stat. § 244.01, subd. 9 (2002). Thus, because Bluhm was committed to a local correctional authority and not the commissioner of corrections, she argues that she was not committed to a "term of imprisonment" under section 152.026.

Bluhm's argument, while creative, is not convincing because Bluhm's reading of the

statute would render section 152.026 meaningless for those committed to a local correctional authority and would lead to absurd results or results that would be impossible to execute. In ascertaining the legislature's intent, we presume that "the legislature does not intend a result that is absurd, impossible of execution, or unreasonable." Minn.Stat. § 645.17, subd. 1 (2002). Section 152.026 states that a defendant convicted under sections 152.021 through 152.025 and sentenced to a mandatory sentence is ineligible for probation until the full term of imprisonment has been served. If "term of imprisonment" only applied to sentences that require commitment to the commissioner of corrections, we would either have to ignore the fact that section 152.026 applies to mandatory sentences under sections 152.024, subdivision 3(b), and 152.025, subdivision 3(b), or we would have to interpret section 152.026 as requiring individuals who are sentenced to less than a year and a day be committed to the commissioner of corrections.[1] The former creates an absurd result in that it requires the statute's plain language to be ignored and the latter is contrary to law in that it is inconsistent with Minn.Stat. § 609.105, subds. (1) and (3) (2002) (placing individuals who are sentenced to felony sentences of more than one year and a day of imprisonment under the supervision of the commissioner of corrections and placing individuals sentenced to a lesser period under the supervision of

a local correctional authority). Therefore, we hold that Minn. Stat § 152.025, subd. 3(b), mandates that a defendant convicted of a nonfelony-level subsequent controlled substance crime be committed to the local correctional authority to serve, at a minimum, a six-month sentence and that probation may not be imposed in lieu of serving the six-month sentence.[2]

Reversed.

GILBERT, Justice (concurring).

I concur in the court's decision, but write to express concern about the effect of result reached in this case. The Minnesota legislature, in its 1989 session, in effect sentenced 22–year–old Amber Lynn Bluhm to 6 months' imprisonment in 2004. The 1993 amendments to Minn.Stat. § 152.025, subd. 3(b), and Minn.Stat. § 152.026 notwithstanding, the legislature's enactment of these laws in 1989 controls our decision today. The legislature has the power to fix the limits of punishment for criminal acts within constitutional constraints and, as the court's decision makes clear, the word "shall" is clear and unambiguous.[3] Minnesota Statutes § 152.025, subd. 3(b) (2002), and § 152.026 (2002) provide that Bluhm, a repeat offender of controlled substance crime in the fifth degree, must be committed for not less than 6 months as those terms are defined in the statutes.

I write separately to comment on the effect of the legislature's enactment of this

---

**1.** The mandatory sentences in sections 152.021 through 152.023 require commitment to the commissioner of corrections. Like section 152.025, the mandatory sentence in section 152.024 may involve commitment to a local correctional authority.

**2.** It is permissible for a sentencing court to impose the six-month mandatory sentence as a condition of probation on a stayed felony sentence as the court did in this case. *See* Minnesota Sentencing Guidelines cmt. II.E.02

(stating that "[w]hen the mandatory minimum sentence is for less than one year and one day" the minimum sentence may be satisfied by "any incarceration[,] including time spent in local confinement as a condition of a stayed sentence").

**3.** This case does not overrule our well-established principle that where there is any ambiguity in a sentencing statute, the ambiguity should be resolved in favor of the defendant.

mandatory minimum in 1989. The facts demonstrate the unnecessary and unmitigated harshness of this sentence in this case. Bluhm has done everything the criminal justice system could hope for since she was charged with and admitted violating the law. She has completed her course work for a high school diploma, has obtained a job and has completed and adheres to on-going chemical dependency treatment requirements. She also has had a child in the interim and works to help others with chemical addiction issues. Bluhm has demonstrated rehabilitative behavior for over 3 years now, since December of 2000. The record indicates that she has turned her life around.

The legislative and executive branches should be made aware of the effect of some of their sentencing policies. This court, in a long line of cases, has expressed serious concerns with mandatory minimum sentences, which remove all discretion from the trial court, regardless of the facts. *See, e.g., State v. Childers,* 309 N.W.2d 37 (Minn.1981); *State v. Simmons,* 258 N.W.2d 908 (Minn.1977). In the context of sentencing for drug-related charges, one size simply does not fit all. This case illustrates that the removal of discretion can lead to an extremely harsh and unjust result, which is not in the best interests of the individual or the state. This case sends the message that even though a young person accused of a drug-related crime does everything asked of her by the criminal justice system to rehabilitate herself, the law, in terms of minimum sentencing, treats her the same as if she had not rehabilitated herself. At a time when our prisons are full and Minnesota has a severe budget shortfall, the rehabilitative achievements of some of our many drug offenders must be taken into account in executing sentences.[4]

Minnesota has made significant strides forward in working on preventative measures for alcohol- and drug-related crimes, including our drug court initiatives,[5] restorative justice, Minn.Stat. § 609.15, staggered sentencing and other rehabilitative programs. These programs are designed to sanction, as well as to correct, behavior and aid individuals accused of alcohol- and drug-related crimes in becoming productive members of society. These programs were established because the traditional criminal justice system is not producing the most desirable long-term results in a growing number of cases. Recidivism is extremely high in alcohol- and drug-related cases where the underlying chemical

4. The cost of incarcerating drug offenders in prison, not counting local jail costs, has been projected to be $44,995,784 in 2004 and totals over $463,000,000 through the year 2012. *See* Minnesota Sentencing Guidelines Commission, *Report to the Legislature on Drug Offender Sentencing Issues* 31 (2004). The average cost of incarceration in Minnesota funded by the legislature has been reported to be $80.52 per day or $29,389.80 per inmate per year. *Id.* at 30. In 2002, 3,424 individuals were sentenced for felony drug convictions in Minnesota, up from 1,830 in 1992. *Id.* at 14. In 2002, the fifth-degree drug charges amounted to 1,869 of the total. *Id.* at 15. When federal funding and grants are added in, the annual cost of incarceration may exceed $40,000 per inmate per year.

5. *See, e.g.,* Steven Belenko, *Research on Drug Courts: A Critical Review,* 2001 Update (2001); U.S. Department of Justice, *Defining Drug Courts: The Key Components* (January 1997), *available at* http://www.ojp.usdoj.gov/dcpo; John Braithwaite, *Restorative Justice and a New Criminal Law of Substance Abuse,* 33 Youth & Soc'y 227, 227–248 (2001); Aubrey Fox and Greg Berman, *Going to Scale: A Conversation About the Future of Drug Courts,* Minnesota Court Review, Fall 2002, at 4. Minnesota currently has 7 drug courts: 5 for adults: (Hennepin, Ramsey, Stearns, Dodge and St. Louis counties) and 2 for juveniles: (Ramsey and Dodge County).

health and addiction issues are not treated in an appropriate manner. With treatment, recidivism rates tend to drop. Minnesota has become a national leader in these preventative initiatives. The mandatory minimum provided for in Minn.Stat. § 152.025, subd. 3(b), and Minn.Stat. § 152.026 runs directly counter to what Minnesota has been trying to accomplish in terms of rehabilitation and diversion to reduce recidivism. Sentencing Bluhm to 6 months' imprisonment runs directly counter to what Minnesota has been trying to accomplish.

ANDERSON, PAUL H., Justice (concurring).

I join in the concurrence of Justice Gilbert.

HANSON, Justice (concurring).

I join in the concurrence of Justice Gilbert.