STATE of Minnesota, Respondent,

v.

Stephanie Ann BROTEN, Appellant.

No. A13–0192.

Court of Appeals of Minnesota.

Sept. 3, 2013.

Lori Swanson, Attorney General, St. Paul, MN, Anthony C. Palumbo, Anoka County Attorney, M. Katherine Doty, Assistant County Attorney, Anoka, MN, for respondent.

Tyler Bliss, Minneapolis, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; LARKIN, Judge; and CLEARY, Judge.

## OPINION

CLEARY, Judge.

Appellant challenges her conviction of malicious punishment of a child in violation of Minn.Stat. § 609.377, subd. 1, arguing that the district court erred when it determined that a conviction under the statute does not require proof of bodily harm. Appellant alternatively argues that, if proof of bodily harm is not required, the statute is unconstitutionally vague. We affirm.

## FACTS

In May 2012, officers from the Fridley Police Department were dispatched to a townhome in Fridley to investigate a report of a girl with a shaved head being forced to run outside wearing a diaper. An individual had called 911 to report that S.C.C., who was twelve years old, had been outside for over 30 minutes wearing only a diaper and a tank top. The individual also reported that S.C.C. was being disciplined for receiving an "F" on her report card and that her parents had shaved her head as part of the punishment. When officers arrived at the townhome, approximately 30 to 50 people, including several adult men and teenage boys, had gathered to watch S.C.C. S.C.C.'s head had been shaved recently, and she was crying hysterically. S.C.C.'s mother, appellant Stephanie Ann Broten, told officers that she did not understand what the problem was and that she was simply disciplining her child by embarrassing her. Appellant's husband stated that S.C.C. had been warned several times that she would be forced to shave her head and wear a diaper if she did not start listening in school and getting better grades. S.C.C. explained that appellant had shaved her head and that appellant's husband had forced her to put on the diaper. S.C.C. also stated that she had been forced to go outside and run to the basketball court and back; that she had done that five times before the officers arrived; that one of her classmates from school had seen her and was calling her name while she was running; and that she told her classmate to leave her alone.

Appellant was charged with one count of malicious punishment of a child in violation of Minn.Stat. § 609.377, subd. 1. She waived her right to a jury trial pursuant to Minn. R.Crim. P. 26.01, subd. 4, to obtain appellate review of a pretrial ruling. *See State v. Lothenbach,* 296 N.W.2d 854, 857–58 (Minn.1980). The district court found her guilty, and this appeal follows.

## ISSUES

I. Does a conviction under Minn.Stat. § 609.377 require proof of bodily harm?

II. If a conviction under Minn.Stat. § 609.377 does not require proof of

bodily harm, is that statute unconstitutionally vague?

## ANALYSIS

### I.

■ Appellant first argues that the district court erred by determining that a conviction under Minn.Stat. § 609.377 does not require proof of bodily harm. Whether a conviction under the statute requires proof of bodily harm is a question of statutory interpretation, which this court reviews de novo. *See State v. Leathers*, 799 N.W.2d 606, 608 (Minn.2011). "The object of statutory interpretation is to effectuate the intent of the legislature." *State v. Koenig*, 666 N.W.2d 366, 372 (Minn.2003) (citing Minn.Stat. § 645.16 (2002)). "[W]hen the legislature's intent is clear from plain and unambiguous statutory language, this court does not engage in any further construction and instead looks to the plain meaning of the statutory language." *State v. Bluhm*, 676 N.W.2d 649, 651 (Minn.2004) (quotation omitted).

"We are 'to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations.'" *State v. Kelley*, 734 N.W.2d 689, 692 (Minn.App. 2007) (quoting *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000)), *review denied* (Minn. Sept. 18, 2007). "A statute should be interpreted, whenever possible, to give effect to all of its provisions, and no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *State v. Larivee*, 656 N.W.2d 226, 229 (Minn.2003) (quotation omitted). "A statute is ambiguous if its language is subject to more than one reasonable interpretation." *State v. Peck*, 773 N.W.2d 768, 772 (Minn.2009).

"A parent, legal guardian, or caretaker who, by an intentional act or a series of intentional acts with respect to a child, evidences unreasonable force or cruel discipline that is excessive under the circumstances is guilty of malicious punishment of a child...." Minn.Stat. § 609.377, subd. 1. The offense is classified as a gross misdemeanor "[i]f the punishment results in less than substantial bodily harm." *Id.*, subd. 2.

"Substantial bodily harm" is defined as "bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member." Minn.Stat. § 609.02, subd. 7a (2010). "Cruel" is defined as "[c]ausing or characterized by severe pain, suffering, or distress." *The American Heritage Dictionary* 437 (5th ed.2011).

Appellant first argues that Minnesota courts have interpreted the plain meaning of Minn.Stat. § 609.377 to include the term "physical abuse" as used in Minn.Stat. § 260C.007, subd. 6(2) (2006). *See In re Welfare of Children of N.F. (N.F. I)*, 749 N.W.2d 802, 807 (Minn.2008); *In re Welfare of Children of N.F.*, 735 N.W.2d 735, 738 (Minn.App.2007), *aff'd in part and rev'd in part*, 749 N.W.2d 802 (Minn.2008). Appellant contends that the supreme court's opinion in *N.F. I* "should be read to say that [the court of appeals] erred in ruling that ... [m]alicious [p]unishment under Minn.Stat. § 609.377, subd. 1 was fully inclusive of physical punishment because the physical punishment regime under Minn.Stat. § 260C.007 includes mental harm and malicious punishment does not include such harm."

Appellant's argument misconstrues the supreme court's holding. The supreme court held that "the court of appeals erred in excluding physical abuse that results in mental injury from conduct that renders a

child in need of protection or services under Minn.Stat. § 260C.007, subd. 6(2)(i)," and concluded that "physical abuse that causes only mental injury may nevertheless qualify as physical abuse for purposes of the definition of a child in need of protection or services under Minn.Stat. § 260C.007, subd. 6(2)(i)." *N.F. I*, 749 N.W.2d at 810. It should be noted, however, that the supreme court considered mental injury to mean, "an injury to the psychological capacity or emotional stability of a child as evidenced by an observable or substantial impairment in the child's ability to function within a normal range of performance and behavior with due regard to the child's culture." *Id.* at 809 (quoting Minn.Stat. § 626.556, subd. 2(m) (2006)). The mental injury discussed by the supreme court in *N.F. I* is different than the emotional harm implicated under the malicious-punishment statute. Appellant's argument that the malicious-punishment statute does not include mental injury as contemplated in *N.F. I* may be correct, but it does not lead to the conclusion that a conviction under Minn.Stat. § 609.377 requires proof of bodily harm, or that emotional harm alone does not support a conviction under Minn.Stat. § 609.377.

In *N.F. I*, the supreme court concluded that the court of appeals erred "in limiting the physical abuse that renders a child in need of protection and services to that which constitutes the crime of malicious punishment of a child under Minn.Stat. § 609.377." *N.F. I*, 749 N.W.2d at 808. The supreme court also noted that

> "child abuse" as defined in Minn.Stat. § 260C.007, subd. 5, [ (2006) ], includes not just malicious punishment, but also such crimes as assault of the child, use of the child in prostitution, and criminal sexual conduct. The assault or rape of a child surely constitutes "physical abuse" that renders the child in need of protection or services, even if it does not

constitute "unreasonable force or cruel discipline that is excessive under the circumstances."

*Id.* (citations omitted). The supreme court found that this court's error in *N.F.* was in limiting the definition of "physical abuse" under Minn.Stat. § 260C.007, subd. 6(2)(i), to only those situations that constitute malicious punishment. *Id.* The supreme court noted that the legislature intended a broader definition of physical abuse when dealing with children in need of protection or services. *Id.* at 807–08. Thus, appellant's argument that the supreme court's holding in *N.F. I* is instructive here is unpersuasive.

Appellant next argues that the plain meaning of the statute proscribes "malicious punishment involving force or acts within the ambit of force." She further contends that a conviction under the statute requires proof of bodily harm because the statute uses the term "bodily harm" six times, and even where it does not use that phrase, it is clear that the sort of harm contemplated by the statute is bodily harm. The state argues that the plain language of the statute does not include an element of bodily harm, and the statute is not ambiguous.

The plain meaning of the statute here is not ambiguous. The statute prohibits acts with respect to a child that evidence "unreasonable force *or* cruel discipline that is excessive under the circumstances." Minn.Stat. § 609.377, subd. 1 (emphasis added). Unless the context of the statute requires otherwise, we generally read the legislature's use of the word "or" to be disjunctive. *See Gassler v. State*, 787 N.W.2d 575, 585 (Minn.2010); *see also Aberle v. Faribault Fire Dep't Relief Ass'n*, 230 Minn. 353, 360, 41 N.W.2d 813, 817 (1950) ("The word 'or' is a disjunctive and ordinarily refers to different things as

alternatives."). "Unreasonable force" or "cruel discipline" should be read as alternatives. "Cruel" is defined as "[c]ausing or characterized by severe pain, suffering, or distress," and bodily harm is not required by this plain meaning of cruel discipline.

Because we read and construe a statute as a whole, *Kelley,* 734 N.W.2d at 692, we must interpret subdivision 1 in light of the surrounding subdivisions. Subdivision 1 defines malicious punishment, and subdivisions 2 through 6 provide the sentencing provisions for the offense. Appellant was sentenced under subdivision 2, which classifies her crime as a gross misdemeanor "[i]f the punishment results in less than substantial bodily harm." Subdivisions 3 through 6 classify the crime as a felony depending on the level of bodily harm suffered by the child, the age of the child, and the prior offenses of the defendant. Malicious punishment of a child involving cruel discipline that causes only emotional harm or bodily harm that is less than substantial does not rise to the level of a felony. Based on the sentencing scheme, it is clear that the legislature wanted to enhance the punishment for conduct evidencing "unreasonable force or cruel discipline that is excessive under the circumstances" if it rises to the level of substantial bodily harm or great bodily harm; or if it is directed toward a child under the age of four and causes bodily harm to the head, eyes, neck, or otherwise causes multiple bruises to the body; or if it is committed within five years of certain previous crimes. Minn. Stat. § 609.377, subds. 3–6. Construing the statute as a whole, reading "anything less than substantial bodily harm" to include emotional harm does not create conflicting interpretations.

Further, if the legislature had intended for a conviction under this statute to require proof of bodily harm, it could have easily included statutory language (such as, "If the punishment results in bodily harm but less than substantial bodily harm . . .") to accomplish that objective. It did not do so. Instead it created a class of conduct that set no minimum standard as to bodily harm but rather established an upper limit for gross misdemeanor malicious punishment ("less than substantial bodily harm") to distinguish it from felony malicious punishment ("substantial bodily harm").

Appellant also argues that this court should follow the rule of lenity and resolve the ambiguity of the statute in her favor. The statute is not ambiguous, and the rule of lenity does not apply. *See State v. Peck,* 773 N.W.2d 768, 772 (Minn.2009) ("When the statutory language is not ambiguous, we do not apply the rule of lenity.").

**II.**

Appellant next argues that, if a conviction under Minn.Stat. § 609.377 does not require proof of bodily harm, then the statute is unconstitutionally vague because it provides inadequate notice of the prohibited conduct and allows for arbitrary enforcement.

The constitutionality of a statute presents a question of law, which this court reviews de novo. *State v. Melde,* 725 N.W.2d 99, 102 (Minn.2006). Minnesota statutes are presumed constitutional, and this court will declare a statute unconstitutional "only when absolutely necessary." *Id.* (quotation omitted). "To prevail, a party challenging the constitutionality of a statute must demonstrate beyond a reasonable doubt that the statute violates a constitutional provision." *State v. Cox,* 798 N.W.2d 517, 519 (Minn.2011).

"The void-for-vagueness doctrine requires that a legislative enactment define a criminal offense with sufficient defi-

niteness and certainty that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *State v. Campbell*, 756 N.W.2d 263, 269 (Minn.App.2008) (quotations omitted), *review denied* (Minn. Dec. 23, 2008). "[V]agueness challenges that do not involve First Amendment freedoms must be examined in light of the facts at hand." *State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984) (citing *United States v. Powell*, 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975)). Appellant's argument that Minn.Stat. § 609.377 is unconstitutionally vague does not implicate her First Amendment freedoms, so this court evaluates whether the statute is unconstitutionally vague as applied to her conduct that gave rise to the criminal charge here.

Appellant argues that "a huge amount of parenting conduct" can be proscribed if a conviction under the statute does not require proof of bodily harm, including punishments such as "having a child cut off his Mohawk or making a child wear a shirt stating 'I stole from this store' at a place of business from which she had shoplifted." She also contends that "this statute would capriciously not apply to certain acts such as cruelly requiring your child to do something deeply embarrassing but doing so only for personal satisfaction and not discipline." She further suggests that "if force and discipline are divorced from a standard of harm[,] a reasonable person would not be given notice of what was prohibited because an ambiguous standard of cruelty that was excessive under the circumstances would be the only measure without regard to any harm done." Appellant's arguments link the determination of what is "excessive under the circumstances" to what level of harm results, arguing that conduct is only excessive if it causes a certain degree of bodily harm.

Appellant fails to apply her arguments to the facts of the case here. She admitted to officers that her conduct was meant to discipline S.C.C. The extreme nature of her conduct, which included shaving her 12–year-old daughter's head, forcing her to wear a tank top and diaper, and requiring her to run around outside in front of a crowd of people that included classmates and adults, is demonstrated by the reception this humiliating spectacle received— the gathering of a large audience and multiple 911 calls to report the incident. A person of ordinary intelligence would be on notice that such an act constituted cruel discipline that was excessive under the circumstances.

Appellant also argues that the statute allows for arbitrary enforcement based on an arresting officer's beliefs about punishment. Appellant contends that "[o]ne could imagine a police officer arresting someone for cruelly berating the child in a public place. If a jury decided it was excessive, that parent could be convicted even if the punishment was ultimately beneficial for the child." In contrast to appellant's hypothetical situation, where enforcement may depend on an arresting officer's beliefs about punishment, here more than one individual reported the incident to 911, and a crowd of 30 to 50 people gathered to observe the scene. Appellant does not argue, and there is no evidence in the record, that the officers enforced the statute in an arbitrary or discriminatory manner.

The statute is not void for vagueness as applied to this case because the statute specifically prohibits "cruel discipline that is excessive under the circumstances." A person of common intelligence would understand that the degree of punishment inflicted upon S.C.C. is prohibited by the statute. And no evidence was presented

to suggest that the statute was enforced in an arbitrary or discriminatory manner.

At oral argument, appellant relied on *Skilling v. United States*, 561 U.S. 358, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), to argue that she can bring a vagueness challenge to a criminal statute if her conduct lies outside of the core class of conduct prohibited by the statute. She argues that Minn.Stat. § 609.377 prohibits a core class of conduct resulting in bodily harm and that reading the statute to prohibit conduct resulting in emotional harm implicates vagueness concerns. Appellant failed to raise this issue in her brief, and issues not briefed on appeal are waived. *See State v. Butcher*, 563 N.W.2d 776, 780 (Minn.App.1997), *review denied* (Minn. Aug. 5, 1997). However, even if we were to apply the *Skilling* core-class-of-conduct analysis here, we must still determine whether appellant's conduct, as applied, violated Minn.Stat. § 609.377. As we concluded above, appellant's conduct falls under the plain meaning of conduct prohibited by subdivision 1, and thus is included in the core class of conduct prohibited. The statute is not unconstitutionally vague.

## DECISION

Because we hold that a conviction under Minn.Stat. § 609.377 does not require proof of bodily harm, and the statute is not unconstitutionally vague, we affirm the district court's decision.

**Affirmed.**